CHRISTIAN LUTHER *et al.*

*v.*

CHARLOTTE LUTHER *et al.*

*Filed at Ottawa September 26, 1887.*

1. WILLS—*probate and contesting of wills—time within which to exhibit a bill to contest.* Section 2 of chapter 148 of the Revised Statutes, entitled "Wills" provides for the *ex parte* proof of wills on the testimony of the attesting witnesses, which corresponds with the probate, in England, "in common form," while the subsequent proceeding by bill in equity, under section 7, to contest the validity of the will, is analogous to the probate "in solemn form," by the executor, upon being cited in by the next of kin. Both stages differ from the English probates in extending to the real as well as personal estate.

2. The provision in the statute that if any person interested shall, within three years after the probate of any will, by bill in chancery, contest the validity of the same, etc., is not a limitation law. The filing of the bill within three years is a jurisdictional fact, and is necessary to put the court in motion. The court has no power to entertain such a bill which has been filed after the three years have expired, except in the cases of disability named in the statute.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. MERRITT STARR, and Mr. J. P. W. BROWN, for the appellants:

The statute prescribing the time within which a will may be contested in chancery is a Statute of Limitations.

The heir has always the right to contest the will. He can not be deprived of property or be disinherited without a hearing. Stat. 28 Edw. III, chap. 53; Cooley's Blackstone, (3d ed.) 138, 139, and notes.

This remedy has existed from the beginning of the English law of wills. 1 Williams on Executors, (6th Am. ed.) foot pp. 325, 333, 334; 4 Burn's Ecclesiastical Law, (Philliman's ed.) 316, 318.

The following cases, in addition to those above cited, are particularly instructive in showing that the American courts retained the practice of the English court in requiring probate and re-probate in common form and solemn form. *Collier* v. *Idley,* 1 Bradf. 94; *Campbell* v. *Logan,* 2 id. 90; *Proctor* v. *Wanamaker,* 1 Barb. Ch. 302; *Gibson* v. *Lane,* 9 Yerg. (Tenn.) 475; *Townsend* v. *Townsend,* 4 Coldw. (Tenn.) 70; *Brown* v. *Anderson,* 13 Ga. 171; *Kinnard* v. *Riddlehoover,* 3 Rich. (S. C.) 258; *Noyes* v. *Barber,* 4 N. H. 406; *George* v. *George,* 47 id. 44; *Wall* v. *Wall,* 30 Miss. 91; *Hamberlin* v. *Terry,* 7 How. (Miss.) 148; *Cowden* v. *Dobyns,* 5 S. & M. 82; *Martin* v. *Perkins,* 56 Miss. 204; *Tucker* v. *Whitehead,* 58 id. 762; *Barksdale* v. *Hopkins,* 23 Ga. 332; *Walker* v. *Perryman,* 23 id. 309; *Hubbard* v. *Hubbard,* 7 Ore. 42.

The nature of the remedy shows that the statute is a statute of limitations.

The statute has been construed a statute of limitations. *Heirs of Critz* v. *Pierce,* 106 Ill. 167; *Brown* v. *Riggin,* 94 id. 560; *Wells' Will,* 5 Litt. 273; *Coalters* v. *Bryan,* 1 Gratt. 18; *Connolly* v. *Connolly,* 32 id. 657; *Rogers* v. *Thomas,* 1 B. Mon. 390; *Bradford* v. *Andrews,* 20 Ohio St. 208; *Mears* v. *Mears,* 15 id. 96; *McArthur* v. *Scott,* 113 U. S. 340; *Noyes* v. *Barber,* 4 N. H. 406.

The limitation, not being pleaded, is waived. *Brill* v. *Stiles,* 35 Ill. 305; *Borders* v. *Murphy,* 78 id. 81; *Trustees* v. *Wright,* 12 id. 441.

The fraudulent concealment by the defendants, of the complainant's cause of action to contest the alleged will, brings the case within the special statute on fraudulent concealment, viz., Rev. Stat. chap. 83, sec. 22.

The limitation will commence to run only from the time of the discovery of the fraud. *McIntosh* v. *Saunders,* 68 Ill. 128; *Campbell* v. *Vining,* 23 id. 525; *Henry County* v. *Winnebago County,* 52 id. 299.

Mr. A. W. OSGOOD, and Mr. M. F. RIGGLE, for the appellees:

There is no connection between the statute of wills and limitations.

Upon the death of Christian Luther Sr., complainant was placed upon his inquiry as to the manner of the execution of the will, and having slept for a period of ten years, he is barred by his own *laches*. *Farnam* v. *Brodke,* 9 Pick. 212.

If section 22 of limitations applied to section 7 of wills, then with equal force could it be applied to section 19 of the Chancery Code, a bill of review or writ of error, "because this statute by which parties are brought into court upon constructive notice, though undoubtedly necessary for the administration of justice, may be made the means of perpetrating very great wrong." *Lyon* v. *Robbins,* 46 Ill. 278.) And yet if any of the parties do not appear within the time therein limited, no matter what injustice may have been perpetrated, they can not allege an execuse for not having acted within the time limited by statute. This probate, like a decree in chancery, can not be annulled, vacated or set aside, except within the time limited by the law.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

Christian Luther Sr., died testate on September 4, 1875, leaving him surviving a widow, the appellee Charlotte Luther, and three children, the appellant Christain Luther, and the appellees John Luther and Sophia Luther, since married to William Nieberg. On September 3, 1875, he made a will, leaving his furniture and personal property to his widow, and also giving her a life estate in all his other property, including lots 4, 5 and 6 of assessor's subdivision of the north-east quarter and part of the north-west quarter of fractional section 5, town 40 north, range 13 east, etc., in Cook county. He devised these lots to John to be taken possession of by him after the widow's death. He gave appellant, Christian Luther, $50 and Sophia $1000, these sums to be paid after the widow's

death, and, if the money should not then be on hand for their payment, they were to be liens on the land until John should pay them.

The will was admitted to probate in the county court of Cook county on September 27, 1875, and letters testamentary were then issued to the appellee Wende, as executor.

This bill was filed in the circuit court of Cook county on September 1, 1885, for the purpose of setting aside the will and the probate thereof on the grounds that the testator was not of sound mind and memory when he made the will, and that he was induced to make it by the fraud, falsehood and misrepresentation of said Wende and of said Charlotte, John and Sophia. The bill alleges that appellants did not learn of the testator's unsoundness of mind and memory, nor of the fraud and undue influence used in obtaining the will, until March, 1884, and that the cause of action set up in the bill was fraudulently concealed by the defendants therein from the complainants until within three years before filing the bill.

The defendants on November 9, 1885, filed an answer denying all the allegations of the bill, but making no reference to the fact of its being filed after the three years prescribed by the statute. Complainants filed a replication to the answer.

The cause came on to be heard; a jury was impaneled to try the issue whether the writing produced was the will of the deceased or not; two witnesses were sworn and testified for defendants; the circuit judge, then having inquired of the solicitor for complainants and being informed by him that complainants did not come within the saving clause of the statute as to infants, *femes covert*, persons absent from the State or *non compos mentis*, dismissed the bill on the ground that, upon the face of it, he had no jurisdiction to try the cause.

It will be noted that the will was admitted to probate on September 27, 1875, and that this bill to contest its validity was not filed until nearly ten years afterwards: to-wit on September 1, 1885.

36—122 ILL.

The main question presented by the record is, whether a court of chancery in this State can, under our statute, entertain a bill to set aside the probate of a will when more than three years after such probate have elapsed before the bill is filed. The statute is as follows:

"Sec. 7. When any will, testament or codicil shall be exhibited in the county court for probate thereof, as aforesaid, it shall be the duty of the court to receive probate of the same without delay, and to grant letters testamentary thereon to the person or persons entitled, and to do all other needful acts to enable the parties concerned to make settlement of the estate at as early a day as shall be consistent with the rights of the respective persons interested therein: *Provided, however,* that if any person interested shall, within three years after the probate of any such will, testament or codicil, in the county court, as aforesaid, appear, and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up, whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proven and recorded, as aforesaid, according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert,* persons absent from the State, or *non compos mentis,* the like period after the removal of their respective disabilities. And in all such trials by jury, as aforesaid, the certificate of the oath of the witnesses at the time of the first probate shall be admitted as evidence, and to have such weight as the jury shall think it may deserve." Section 7 of "An act in regard to wills," approved March 20, 1872,—Rev. Stat. chap. 148.

The act of January 23, 1829, in force July 1, 1829, (Rev. Laws, 1829, p. 193, sec. 5,) and the act of 1845, (Rev. Stat. 1845, chap. 109, sec. 6, p. 537,) were the same as the act of

1872, except that, in the former, the period was five years instead of three years. Section 7 is, in substance, a transcript of the 11th and 15th sections of a statute of Kentucky passed February 24, 1797. (*Rigg* v. *Wilton*, 13 Ill. 15.) The Kentucky statute was taken from the Virginia act of 1785, which was a remodeling of an earlier Virginia act passed in 1748. *Well's Will*, 5 Litt. (Ky.) 273; 12 Hening's Va. Stat. at Large, p. 142; 5 id. pp. 454, 455; 1 Littell's Laws of Ky. p. 611, sec. 293, and note.

The Virginia statute was construed in *Coulter's Exr. et al.* v. *Bryan et al.* 1 Gratt. 18, and in *Connolly* v. *Connolly et al.* 32 id. 657. The Kentucky statute was construed in *Rogers* v. *Thomas*, 1 B. Mon. 390.

In England the probate of wills of personal property was exclusively vested in the ecclesiastical courts. There were two modes of probate one *ex parte*, the other *inter partes*. One was proof of the will "in common form;" the other was proof thereof "in solemn form" or "*per testes*." When a will was proven "in common form," it was taken before the judge of the proper court of probate, and the executor produced witnesses to prove it to be the will of the deceased without citing or giving notice to the parties interested; it was admitted to probate in the absence of such parties. When, however, a will was proven "in solemn form," it was done upon petition of the proponent for a hearing, and all such persons as had an interest, such as the widow, heirs, next of kin, etc., were notified and cited to be present at the probating of the testament; interrogatories were propounded to the witnesses by those producing the will and by the adverse party. The executor of the will, proved "in common form," might, at any time within thirty years, be compelled by a person, having an interest, to prove it *per testes* "in solemn form." 1 Williams on Executors, (6th Am. ed.) foot pp. 325, 333, 334; *Waters* v. *Stickney*, 12 Allen, 1; *Redmond* v. *Collins*, 4 Dev. 430; *Etheridge* v. *Corprew*, 3 Jones, 14.

But in England there was no court for the probate of wills
of realty.   The validity of the will was decided incidentally
in controversies concerning rights of property claimed under
or against it.   These controversies were settled in the appro-
priate jurisdictions.   The title of the heir was in its nature
legal, and might be asserted in an action of ejectment.

The statute of Virginia, upon which our own and that of
Kentucky are based, provided for the probate "in common
form" or *ex parte* of wills of both personalty and realty, and
also extended the privilege of requiring a re-probate "in solemn
form" to wills of realty as well as to those of personalty.   Such
re-probate was to be asked within seven years, instead of three
years as under the Illinois statute.   Those to be cited were
the persons interested in sustaining rather than those inter-
ested in setting aside the will.   The contest was to be decided
in a court of chancery through the instrumentality of a jury
rather than in the original court of probate.

The words in section 7 of our act in regard to wills : "When
any will, etc., shall be exhibited in the county court for pro-
bate, *as aforesaid,* it shall be the duty of the court to receive
probate of the same without delay," refer back to section 2
of that act.   (Rev. Stat. chap. 148.)   Section 2 provides for
the *ex parte* proof of wills on the testimony of the attesting
witnesses, which is analogous to the probate in England "in
common form."   The subsequent proceeding by bill in equity,
under section 7, to contest the validity of the will, is analogous
to the probate "in solemn form" by the executor upon being
cited in by the next of kin.   Both stages of the proceedings,
however, differ from the former English probates in that they
extend to the real estate as well as to the personal property.
*McArthur* v. *Scott,* 113 U. S. 340.

Counsel for appellants claim, that the provision in section 7
for filing the bill within three years is a mere statute of limit-
ations, and that, inasmuch as appellees did not plead the bar
of the statute in their answer, they waived it.   This position

is based upon the theory, that the right to contest the validity
of the will was not a new right conferred by the statute, but
a right, which existed at common law before the statute, and
that, therefore, the statute merely limits the time within which
such right may be asserted.

Outside of the statute, however, no right existed in favor of
the heir to go into a court of chancery to contest the validity
of the will. He could not go into equity for any other purpose
than to remove impediments to a full and fair trial at law.
The power to entertain bills of this character is not embraced
among the general equity powers of a court of chancery.

In *Gaines* v. *Fuentes*, 92 U. S. 10, the Supreme Court of the
United States say: "In the case in *Broderick's Will* the doc-
trine is approved, which is established both in England and in
this country that *by the general jurisdiction of courts of equity,
independent of statutes, a bill will not lie to set aside a will or its
probate,* and whatever the cause of the establishment of this
doctrine originally, there is ample reason for its maintenance
in this country, from the full jurisdiction over the subject of
wills vested in the probate courts and the revisory power over
their adjudications in the appellate courts." (*Broderick's Will,*
21 Wall. 503; *Gaines* v. *Chew,* 2 How. 619; *Gould* v. *Gould,* 3
Story, 516; *Tarver* v. *Tarver,* 9 Pet. 174; *Holden* v. *Meadows,*
31 Wis. 284; *Archer* v. *Meadows,* 33 id. 166; 2 Pomeroy's Eq.
sec. 913.) Since the decisions of *Kendrick* v. *Braushy,* 3 Bro.
P. C. 358, and *Webb* v. *Cleverden,* 2 Atk. 424, it has been
held in England that equity will not set aside a will for fraud
and imposition. The same rule has been generally adopted
in the United States. Under the common law system the val-
idity of wills of real estate could only be tested in an action
at law; that of wills of personal property was established by
the decree of the ecclesiastical court in the proceedings for
probate. 2 Pomeroy, 913.

Therefore, as the jurisdiction of courts of chancery in this
State to entertain bills to set aside the probate of wills is de-

rived exclusively from the statute, such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute. "If any person interested shall, within three years after the probate, etc., appear and by * * * bill in chancery, contest the validity of the" will, "an issue at law shall be made up," etc. If such person does not appear within three years, an issue at law can not be made up. The appearance within three years is a jurisdictional fact, and is necessary in order to put the machinery of the court in motion so as to test the validity of the will. The court has no power to entertain the bill after the three years have passed.

The reason of this is apparent from the words, "if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving to infants," etc. The original probate of the will upon the testimony of the subscribing witnesses is allowed without delay, in order to secure an orderly settlement of the estate and to prevent the embarrassments and injurious consequences to creditors and others, which might result from the delay incident to a contest over the will. But serious consequences may also result from too long a delay to the property rights and titles of parties interested in and holding under the will, and, therefore, a period should be fixed after which the original probate should be regarded as binding and conclusive.

It is urged however that the jurisdiction of the court of chancery, in this proceeding, is merely that of a court of probate. Its jurisdiction can not be a mere extension and continuation of the "*solemn form*" powers of the probate court so far as the realty is concerned, because at common law the probate court exercised no control either in common or solemn form over real estate, but only over personalty. But while the court of chancery is not empowered to give general relief, it may exert its powers to secure the specific relief designed by the statute. Though limited in its functions, it is still a

court of equity. The proceeding is commenced by bill, framed as any other bill in equity would be framed, except that it is confined to the relief contemplated by the statute, namely, the determination by a jury, on an issue to be directed and tried, of the validity or invalidity of the will. The court, by decree, settles and directs the issue. *Connolly* v. *Connolly, supra.*

The decree of the circuit court is affirmed.

*Decree affirmed.*