## Emery A. Storrs et al. v. St. Luke's Hospital.

1. WILLS—*Jurisdiction of Chancery as to Contest is Statutory, and the Statute Must be Strictly Construed.*—The jurisdiction of chancery in the contest of wills is statutory, and the statute must be strictly construed. It is not a statute of limitation, but confers a new right or privilege which did not exist before its passage, and unless the bill is filed within three years of the probate of the will, or such filing excused by the letter of the statute, the court has no jurisdiction.

2. SAME—*Who May Contest by Bill in Chancery.*—The privilege to contest a will by bill in chancery is given only to " persons interested," which this court holds must be persons who were directly interested at the time of the probate, or who became interested, either within three years of the probate or within the time allowed to some person under disability under the saving clause of the statute.

3. SAME—*Right to Contest is a Personal Privilege and Does Not Survive.*—The right to contest a will by bill in chancery is a personal privilege on which the person to whom it is given, or some one in his behalf, must act, and does not descend to his heirs or survive to his administrator.

**Bill**, to contest a will. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 24, 1898.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for appellants.

LYNDEN EVANS, attorney for appellee.

The statute allowing a contest of a will, being in derogation of the common law, is to be strictly construed, and is a grant of privilege and not a statute of limitation. Luther v. Luther, 122 Ill. 558; Wheeler v. Wheeler, 134 Ill. 522; Gaines v. Fuentes, 92 U. S. 10; Broderick's Will, 21 Wall. 503; Webb v. Cleverden, 2 Atk. 424; 2 Pomeroy Eq. Jur., Sec. 913; McIntosh v. Saunders, 68 Ill. 128; Bailey v. Glover, 21 Wall. 342, 347–9; Kirby v. Lake S. etc., Ry. Co., 120 U. S. 130; Troup v. Smith, 20 Johns. (N. Y.) 33; Rev. Stat., Chap. 83, Sec. 22.

The statute allowing a contest of a will provides that the

bill must be filed by a person interested, within three years, and the appellant Storrs is not a person interested, and has not filed his bill within three years.  McDonald v. White, 130 Ill. 493;  Rev. Stat., Chap. 124, Sec. 7.

The right to file a bill to contest a will is not assignable, and therefore not inheritable, nor does such a right survive. Norton v. Tuttle, 60 Ill. 130;  Prosser v. Edmunds, 1 Young & Call. 481;  Marshall v. Means, 12 Ga. 61;  Milwaukee, etc. R. R. Co. v. Milwaukee, etc., R. R. Co., 20 Wis. 183;  Dayton v. Fargo, 45 Mich. 153;  Rev. Stat., Chap. 86, Sec. 13; Anon., 3 Atk. 485, 486;  Spencer v. Wray, 1 Vern. 463;  Mitford Eq. Pl. 57;  Wm. III. c. 11, s. 7;  Rev. Stat., Chs. 1, 3 and 70;  Hitt v. Scammon, 82 Ill. 519;  Diversey v. Smith, 103 Ill. 387.

Appellant, the Chicago Title & Trust Company, under no possible hypothesis is a proper party to contest a will. Williams' Ex'rs, (6th Am. Ed.), 703;  Schouler's Ex'rs, Sec. 242;  Lewis v. Lyons, 13 Ill. 117;  Freeman v. Easly, 117 Ill. 317.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant Storrs, by his mother and next friend, and appellant, the Chicago Title & Trust Co., as administrator *de bonis non* of George M. Storrs, deceased, filed their bill against appellee to contest the will of Caroline T. Storrs, asking that it be set aside and declared null and void, and that her estate be distributed among her heirs according to law, and for general relief.

Appellee interposed a general and special demurrer to the bill, the special ground of demurrer being that the Trust Company, as administrator, was an improper party to the bill.  The demurrer was sustained and the bill dismissed at appellants' costs, and they appeal.  The allegations of the bill, so far as material to the questions presented, are, in substance, viz.:

Caroline T. Storrs, the mother of George M. Storrs, who was the father of the complainant, Emery A. Storrs, died in Chicago about June 17, 1888, leaving said George M. Storrs,

her son, as her only heir at law. In June, 1887, Caroline T. Storrs executed an instrument purporting to be her will, by which she bequeathed her estate to Byron L. Smith and Charles L. Hutchinson, in trust, to pay from the income $300 per year to Walter H. Mead, during his life, and to pay the balance of the income to her son, George M. Storrs, during his life, and upon his death to transfer the estate in fee simple to any heir or heirs of George M. Storrs, born of any marriage entered into by him subsequent to the date of said will; and in default of such heirs to devote the income of said estate to St. Luke's Hospital, the defendant.

At the date of the will, and for a long time prior thereto, George M. Storrs had been married to the mother of the complainant, Emery A. Storrs, who was then a child about one year of age. On July 18, 1888, said purported will of Caroline T. Storrs was probated in the Probate Court of Cook County, and letters testamentary granted to said Smith and Hutchinson, who took upon themselves the execution of said supposed will. Caroline T. Storrs, at the time of executing said alleged will, was not of sound mind and memory, but, on the contrary, her mind and memory were so impaired as to render her wholly incapable of making any just and proper distribution of her estate. George M. Storrs, the father of the complainant, Emery A. Storrs, became, shortly after the death of said Caroline T. Storrs, and within three years thereafter, mentally diseased, and of unsound mind, and on January 7, 1891, he was, by an inquisition held under an order of the Supreme Court of New York for the County of New York, found and declared a lunatic; and in the month of July, 1896, he died in the city of Chicago, where he had been residing; and from the year 1888 to the time of his death he was of unsound mind and *non compos mentis.*

October 28, 1896, a bill was filed in the Superior Court of Cook County by appellee, a corporation, existing under the laws of Illinois, against the then acting trustee under said will, and a decree was entered directing the transfer of what then remained of the estate of said Caroline T. Storrs, amounting to $16,092, to appellee, which was done.

After the death of George M. Storrs, letters of administration were granted on his estate to one Diefendorff by the Probate Court of Cook County, who afterward resigned, and appellant, the Trust Company, was appointed by the same court administrator *de bonis non* of the estate of said George M. Storrs, and is now acting as such administrator. A copy of said will is attached to the bill as an exhibit, and its provisions are sufficiently set forth in the bill for the purposes of this opinion.

Counsel for appellants state the question involved, viz.: Whether any one except George M. Storrs, or some other person pecuniarily interested in the estate at the time of the probate of the purported will—notwithstanding the fact that George M. Storrs was mentally incapable of contesting the will—could, after the death of George M. Storrs, make such contest.

The provision of the statute of this State regarding the contest of wills is, viz.:

" Provided, however, that if any person interested shall, within three years after the probate of any such will, * * appear, and by his or her bill in chancery contest the validity of the same, an issue at law shall be made," etc.; * * * " but if no such person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert*, persons absent from the State or *non compos mentis*, the like period after the removal of their respective disabilities."

It appears from the allegations of the bill that at the time of the probate of the will, July 15, 1888, and up to his death, which occurred in July, 1896, George M. Storrs was the only person directly and pecuniarily interested in the estate of his mother, aside from the legatees named in her will, and that within three years after said probate, he became mentally diseased, and of unsound mind, and was on January 7, 1891, by an inquisition held under an order of the Supreme Court of New York for the County of New York, found and declared a lunatic. It is contended that the statute does not limit the right of contest to those interested

at the instant of the probate of the will, and that the legislature did not intend that there should be any such limitation. It is argued that as persons *non compos mentis* are excused from instituting the contest within the three years, in case they should die under this disability it was intended their heirs and representatives should be allowed to make the contest within the same time after their death, and if not, the indulgence granted by the statute would go for nought. There is much basis in reason for this contention, but inasmuch as the Supreme Court has construed the statute we are bound by its decisions.

The jurisdiction of chancery in the contest of wills is statutory, and the statute must be strictly construed. It is not a statute of limitation, but confers a new right or privilege which did not exist before the statute. Unless the bill is filed within three years of the probate of the will, or excused by the letter of the statute, the court has no jurisdiction. Luther v. Luther, 122 Ill. 558, and cases cited; Wheeler v. Wheeler, 134 Ill. 522; Sinnet v. Bowman, 151 Ill. 153; Jele v. Lemberger, 163 Ill. 338, and cases cited.

In the Luther case, *supra*, where a bill was filed ten years after the probate of the will to contest it on the ground of fraud and undue influence and unsoundness of mind in the testator, and alleging that the cause of contest was fraudulently concealed by defendants until within three years before the bill was filed, it was held, on a full review of the authorities, there was no jurisdiction. The court said: "Such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute." After quoting the statute the court further says: "If such person does not appear within three years, an issue of law can not be made up. The appearance within three years is a jurisdictional fact, and is necessary in order to put the machinery of the court in motion so as to test the validity of the will. The court has no power to entertain the bill after the three years have passed."

In the Wheeler case, *supra*, the Luther case is re-affirmed, the question being whether the contestants, who, at the

time of the death of the testator were non-residents of
Illinois, ever since had been non-residents, and had no knowl-
edge until immediately prior to the filing of the bill that
the testator had made a will, or of its probate, which was
five years prior to the filing of the bill, came within the
saving clause of the statute, as "persons absent from the
State." It was held, in a carefully considered opinion,
that they were not within the saving clause of the statute,
and that their bill was properly dismissed for want of juris-
diction.

The Luther case was re-affirmed in the Sinnet case, *supra*,
in which the question was on the amendment of a bill filed
by the complainant more than three years after he attained
his majority, which alleged what was claimed to be a new
ground of contest, the original bill having been filed within
that time. The court held that the statute was not properly
a limitation law, but one conferring jurisdiction; that the
original bill conferred jurisdiction; and the amended bill
was a mere restatement of the original ground of contest
with greater fullness, formality and precision.

In the Jele case. *supra*, in which one question was whether
a non-resident alien who was incapable of taking and hold-
ing real estate in Illinois was a " person interested " within
the meaning of the statute, and it was held he was not
such a person, because he was incapable of taking or hold-
ing real estate in Illinois by descent or otherwise, the
court say, referring to the Luther case, *supra:* " Under the
doctrine of this case it is just as essential to the jurisdiction
of the chancery court that the bill should be exhibited by a
' person interested ' as it is that the bill should be filed within
the limited number of years from and after the original
probate of the will."

Appellants were not interested at the time of the probate
of Mrs. Storrs' will, and the privilege to contest it is given
only to "persons interested," which, we hold, must be per-
sons who were directly interested at the time of the pro-
bate (which it is unnecessary to decide in this case), or, at
most, who became interested, either within three years of

the probate or within the time allowed to George M. Storrs under the saving clause of the statute, he being a person *non compos mentis.*

They did not become interested within three years of the probate of the will, and did not become interested as long as George M. Storrs was alive. Up to that time no one was entitled to contest the will but he, his conservator or next friend. It was a personal privilege given him, on which he should act, or some one in his behalf. When he died, the right given him by the statute died with him. It did not descend to his heirs nor survive to his administrator, because had it been so intended the language of the statute would not have been as it is, but in words making apparent the right of survival. Hurd's Rev. Stat., Ch. 22, Sec. 5, and Ch. 86, Sec. 13; Chicago & P. R. Co. v. Munger, 78 Ill. 300; McDonald v. White, 130 Ill. 493; Jele v. Lemberger, 163 Ill. 344; Norton v. Tuttle, 60 Ill. 130.

In the McDonald case, *supra*, the question was whether a grantee of a person interested in the will was such a person in interest as could, under the statute, contest the will. The grant was made after the probate, and the bill filed within three years of the probate, but the court held that the statute meant a person interested at the time of the probate of the will, that the grantee's interest acquired after that time was not an interest within the contemplation of the statute, and that he could not maintain a bill. This case is reaffirmed in the Jele case, *supra*. If it was important to George M. Storrs or his son, one of the appellants, to contest this will, it might have been done through a conservator or next friend, during his insanity, and within the time given him by the saving clause of the statute. The decree of the Superior Court is affirmed.