BLANCHE SHARP

*v.*

ROBERT PEARL SHARP *et al.*

*Opinion filed December 22, 1904—Rehearing denied Feb. 8, 1905.*

1. WILLS—*bill to contest will can be maintained only under section 7 of Wills act.* A bill in chancery to contest a will and set aside the probate thereof can be maintained only by virtue of the proviso to section 7 of the Statute of Wills.

2. SAME—*act in force when bill is filed controls the matter of time.* The statute limiting the time for filing a bill to contest a will which is in force at the time the bill is filed controls the right of complainant, and not the statute in force when will was probated

3. SAME—*act of 1903, reducing time limit for contesting wills, is retroactive.* The act of 1903, (Laws of 1903, p. 355,) limiting the time for contesting a will to one year after its probate, applies to all bills filed after the act took effect, notwithstanding the wills contested were probated before the act was in force.

4. VESTED RIGHTS—*a party has no vested right in statute giving right to contest will.* The probate of a will does not confer upon interested parties the right to have the then existing statute conferring the right to file a bill to contest the will and fixing the time limit therefor remain unchanged or unrepealed.

APPEAL from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding.

This was a bill in chancery filed on the 9th day of January, 1904, in the circuit court of Bureau county, by the appellant, against the appellees, to set aside the will, and the probate thereof, of Robert Sharp, deceased, on the ground of mental incapacity and undue influence. The bill alleged that Robert Sharp executed said will on the 4th day of January, 1902; that he died on the 13th day of the same month; that the will was admitted to probate on the 24th day of February, 1902; that he left him surviving the complainant, and Robert Pearl Sharp and Martha Sharp, his children and sole heirs-at-law; that by the terms of the will he gave to the complainant five dollars, to Martha Sharp the use of the remainder of his estate during her natural life, and upon her death the fee thereof to Robert Pearl Sharp; that he nominated John E. Pickering executor of his will, who qualified as such, and that Martha Sharp died unmarried and without issue on December 4, 1902; also the mental incapacity of the testator, and that the execution of the will was brought about by the undue influence of Robert Pearl Sharp and Martha Sharp. A demurrer was interposed to the bill on the ground that it was filed more than one year after the probate thereof, and for that reason it appeared from the face of the bill that the court was without jurisdiction to hear and determine the case. The demurrer was sustained and the bill dis-

missed, and the testator having died seized of real estate the title to which was disposed of by said will, an appeal has been prosecuted by the complainant direct to this court.

Chas. F. Davies, and Sol Rosenblatt, for appellant.

Watts A. Johnson, for appellees.

Mr. Justice Hand delivered the opinion of the court:

The bill was filed one year, ten months and fifteen days after the will was admitted to probate, and the sole question presented to this court for determination is, was the bill filed in time? It has been repeatedly held by this court that a bill in chancery to contest a will and to set aside the probate thereof can only be maintained in this State by virtue of the proviso to section 7 of the Statute of Wills. (*Luther* v. *Luther,* 122 Ill. 558; *Wheeler* v. *Wheeler,* 134 id. 522; *Sinnet* v. *Bowman,* 151 id. 146; *Jele* v. *Lemberger,* 163 id. 338; *Keister* v. *Keister,* 178 id. 103.) In *Chicago Title and Trust Co.* v. *Brown,* 183 Ill. 42, on page 49 it was said: "Courts of equity in this State have no jurisdiction to contest a will or impeach a judgment of probate except such jurisdiction as has been conferred by the statute. Indeed, the statute conferring jurisdiction is the only source of power entrusted to a court of equity in this State. (*Luther* v. *Luther,* 122 Ill. 558; 2 Freeman on Judgments, secs. 484*a,* 608.) Such being the case, a court of equity can only entertain a bill in the mode and within the time prescribed by the statute."

The proviso above referred to, as it existed in the act of 1872, read as follows: "*Provided, however,* that if any person interested shall within three years after the probate of any such will, testament or codicil, in the county court as aforesaid, appear, and by his or her bill in chancery, contest the validity of the same, an issue at law shall be made up, whether the writing produced be the will of the testator or

testatrix or not; which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proven and recorded as aforesaid, according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate as aforesaid shall be forever binding and conclusive on all the parties concerned, saving to infants, *femes covert,* persons absent from the State, or *non compos mentis,* the like period after the removal of their respective disabilities." (2 Starr & Cur. Stat.—1st ed.—p. 2470.) By an amendment passed in 1895 the time allowed for filing a bill to contest a will and the probate thereof was reduced to two years, and the words *"femes covert,* persons absent from the State,"* were omitted from the saving clause of said proviso. By a further amendment, which was approved on April 11, 1903, and went into force on July 1, 1903, the time in which such a bill might be filed was limited to a period of one year from the time of the probate of the will. (Laws of 1903, p. 355.)

In *Spaulding* v. *White,* 173 Ill. 127, and *Storrs* v. *St. Luke's Hospital,* 180 id. 368, it was held that the act in force at the time the bill was filed, and not the act in force at the time the will was admitted to probate, governed the time within which a bill to contest a will and the probate thereof must be filed. The basis of these decisions is, that the proviso in said section 7 is not a limitation law, but a law conferring jurisdiction and fixing the time within which it may be exercised. In *Spaulding* v. *White, supra,* on page 130, it was said: "There is a material distinction between a statute conferring jurisdiction and fixing a time within which it may be exercised, and a statute of limitations. The seventh section, as it stood before this amendment, conferred jurisdiction on a court of chancery to entertain a bill to contest a will. The act as it stood prior to the amendment gave no vested right to anyone interested, who desired to contest a will, to have the full term so fixed within which a court should entertain jurisdiction. By the general jurisdiction of courts of equity

a bill will not lie to set aside a will or its probate independently of statutes enacted conferring such jurisdiction. The power to entertain a bill for that purpose is derived exclusively from the statute, and the jurisdiction can be exercised only in the manner and under the limitations prescribed by the statute. The time within which such bill may be filed, under the statute, by any person interested is not a limitation law. (*Luther* v. *Luther,* 122 Ill. 558; *Wheeler* v. *Wheeler,* 134 id. 522; *Jele* v. *Lemberger,* 163 id. 338.) The statute in force at the time of the filing of the bill is the statute which confers jurisdiction on the court to entertain a bill to contest the validity of the will, and must govern."

It is contended by the appellant, if it be held that the amendment of 1903 applies to this case then she will be deprived entirely of the right to file a bill to contest said will. If this contention be conceded to be correct that would be no reason why the amendment of 1903 should not apply to a bill to contest a will filed after the passage of said amendment. The appellant had no vested right in the statute of 1895, and the legislature could have, had it seen fit, entirely abrogated said proviso and thereby swept away the entire remedy provided for by said proviso. (*Dobbins* v. *First Nat. Bank,* 112 Ill. 553; *People* v. *Binns,* 192 id. 68.) In the *Binns case,* on page 71, it was said: "There is no vested right in a public law which is not in the nature of a private grant. 'However beneficial an act of the legislature may happen to be to a particular person or however injuriously its repeal may affect him, the legislature would clearly have the right to abrogate it.'—*Dobbins* v. *First Nat. Bank,* 112 Ill. 553."

It is also contended that the amendment of 1903 should be given a prospective and not a retroactive application. In *Spaulding* v. *White, supra,* and *Storrs* v. *St. Luke's Hospital, supra,* the act of 1895 was given a retroactive operation,—that is, it was held to apply to all bills filed to contest wills, or the probate thereof, after its passage, although the

wills sought to be contested were admitted to probate prior to its passage. The terms of the act of 1903 are identical with the act of 1895, except the time in which the bill may be filed is fixed by the act of 1903 at one instead of two years, as it was by the act of 1895. To hold the act of 1903 should be given a prospective application only, would be to overrule those cases, which we are not disposed to do.

The appellant had from February 24, 1902, to July 1, 1903, in which to file her bill, and from April 11, 1903, to July 1, 1903, after the amendment of 1903 had been passed by the legislature and before it went into effect. As she had no vested right in the two years provided for by the act of 1895, and was bound to take notice that the legislature at any time had the right to change the time provided for by the act of 1895 in which a bill might be filed or to entirely abrogate such right, there is no force in the contention that the amendment of 1903 should be held void as being unreasonable. Neither is a different rule of practice laid down by the legislature to be applied to the appellant from that which must be applied by the courts to all persons similarly situated to her, who may desire to file a bill to contest a will, and the probate thereof, subsequent to the passage of the amendment of 1903.

We are of the opinion the act of 1903, which was in force at the time the bill was filed, is the statute that fixes the time, after the probate of the will, within which the complainant's bill was required to be filed, and that the circuit court did not err in sustaining a demurrer to said bill.

The decree of the circuit court will be affirmed.

*Decree affirmed.*