MARY E. DAVIDSON

*v.*

AMANDA REDDEN *et al.*

*Opinion filed February 21, 1905.*

WILLS—*statute limiting time for filing bill to contest will applies to actions previously accrued.* Section 7 of the Statute of Wills, as amended in 1903, (Laws of 1903, p. 355,) requiring a bill to contest a will to be filed within one year from the date the will was probated, applies to causes of action which have previously accrued and are not thereby barred at the time the act took effect. (*Sharp* v. *Sharp*, 213 Ill. 332, followed.)

APPEAL from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

F. C. VANSELLAR, and T. W. ROBERTS, for appellant.

ECKHART & MOORE, for appellees.

Per CURIAM: On August 9, 1902, William Redden died, leaving a last will and testament, which was admitted to probate on September 21, 1902. At the time of the probate of the will the statute in force relating to the contesting of wills provided that suits for that purpose should be begun within two years after the probate of any such will. Before the two years had elapsed, and on May 15, 1903, an amendment to the Statute of Wills was passed by the legislature, which amendment requires suits to contest wills to be begun within one year from the probate of the same. On June 29, 1904, Mary E. Davidson, daughter of the testator, filed a bill in the circuit court of Douglas county to set aside the will on the ground of mental incapacity and undue influence used in procuring the execution of the same. Appellees demurred to this bill on the ground that it had not been filed within one year from the date of the probate of the will and the court had no jurisdiction to entertain it. Upon a hear-

·ing the demurrer was sustained and the bill dismissed for want of equity. To reverse that decree this appeal has been prayed and allowed.

The only question is whether section 7 of the Statute of Wills, as amended and in force July 1, 1903, applies to actions that have accrued and were not barred before that date. The case of *Sharp* v. *Sharp,* 213 Ill. 332, is conclusive of this question, and the decree of the circuit court will be affirmed. ·

*Decree affirmed.*