## Charles Hathaway & Company v. The Merchants Loan & Trust Company.

### Gen. No. 11,921.

1. CLAIMS AGAINST ESTATE—*act of 1903 construed.* The act of May 2, 1903, providing for the exhibition of claims against deceased's estates within one year from the grant of letters, has no application to estates in which letters had been granted at the time it went into effect.

Contested claim in court of probate. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed July 11, 1905.

**Statement by the Court.** The will of Charles A. Morrill was admitted to probate and letters testamentary issued to appellee January 13, 1903. A claim of appellant against his estate was allowed by the Probate Court June 25, 1903, for $38,879 as a claim of class seven. May 2, 1904, appellee exhibited a claim against said estate which was allowed by the Probate Court for $41,065.77 as a claim of class seven. From the order allowing said claim the appellant in this case appealed to the Circuit Court where, on a trial by the court, said claim was again allowed, and from that judgment this appeal is prosecuted.

MERRICK & RAMSAY and MILLARD, ABBEY & MILLARD, for appellants.

McCULLOCH & McCULLOCH, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The Act approved May 2, 1903, which took effect July 1, 1903, amends section 70 of the Administration Statute by changing the time limited for exhibiting claims against estates from two years to one year.  The claim of appellee was not exhibited until more than one year after letters had been issued and the contention of appellant is, that such claim was barred, as to inventoried assets, by the Act of May 2, 1903.

In the view taken by us it is not necessary to decide whether that Act, standing alone, should be given a prospective or a retroactive effect.   Section 4, chapter 131, R. S., provides that "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to  *  *  *  any right accrued or claim arising under the former law or in any way whatever to affect any *  *  *  right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding.  *  *  *  This section shall extend to all repeals, either by express words or by implication."

The right of appellee as a creditor of Morrill to exhibit its claim against his estate and have the same allowed by the Probate Court accrued when the letters were issued, and therefore was a right accrued under the former law.   The claim of appellee against Morrill's estate arose under the former law.   Section 4 in express terms provides that no new law shall be construed to affect "any right accrued, or claim arising under the former law."

A distinction between a statute limiting the time within which claims against estates may be exhibited and one which provides that a court of equity may entertain a bill to contest a will and prescribes the time within which such bill may be filed is pointed out in Sharp v. Sharp, 213 Ill., 332. The former is a Statute of Limitations.   The latter alone confers jurisdiction to entertain the bill and such "jurisdic-

tion can be exercised only in the manner and under the limitations prescribed by the statute."

Construing the Act of May 2, 1903, in connection with said Section 4, our conclusion is, that the Act of May 2, 1903, was prospective in its operation; that the intention of the legislature was only to provide and declare that claims against estates in which letters should be issued after that Act took effect should be exhibited within one year from the issuing of letters and that claims against estates in which letters were issued before that Act took effect might be exhibited within the time limited by the former Act.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*