ELLEN L. CLOWRY *et al.*

*v.*

BRIDGET NOLAN *et al.*

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

WILLS—*limitation act in force when bill to contest will is filed governs.* The act of 1903, which limits the time for filing a bill to contest a will to one year, applies to wills probated before the time the act took effect. (*Sharp* v. *Sharp,* 213 Ill. 332, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. O. BROWN, Judge, presiding.

D. RYAN TWOMEY, and P. S. O'RYAN, for appellants.

BURTON & KANNALLY, for appellees.

Per CURIAM: Appellants filed their bill in the circuit court of Cook county to contest the will of Anne Clowry. It appears from the record that Anne Clowry died on October 8, 1901, and her will was probated in the probate court of Cook county January 8, 1902, and the bill in this case was filed November 17, 1903, which was more than one year after the filing and probating of the will. A demurrer was filed to the bill and sustained upon the ground that the bill was not filed within one year from the time the will was probated. The only question, therefore, raised upon this record is whether or not the act of 1903, which limits the time for filing bills to contest wills to one year, applies to wills probated previous to the time the act went into effect.

The identical question here presented has been before us upon two different occasions since the enactment of this statute. In the case of *Sharp* v. *Sharp,* 213 Ill. 332, the question was thoroughly discussed and the conclusion reached that the act of 1903, which was in force at the time the bill was filed, was the statute that fixed the time after the probate of the will within which the complainant's bill was required to be filed; and again in the case of *Davidson* v. *Redden,* 214 Ill. 61, the same question was raised and the same conclusion reached. Those findings are conclusive upon this question. We see no good reason for overruling these two cases.

The decree of the circuit court is accordingly affirmed.

*Decree affirmed.*