Frank O. Harney, alias Frank O. Youngblood, Defendant in Error, v. John Joseph Wilson (Plaintiff in Error), William P. Behen et al., Defendants in Error.

John Joseph Wilson, Plaintiff in Error, v. William P. Behen, Personally, et al., Defendants in Error.

Gen. No. 21,029.

1. WILLS, § 168*—*when Circuit Court no jurisdiction to entertain bill to contest will.* The time for filing a bill in chancery to contest a will as limited in Hurd's Rev. St., ch. 148, sec. 7 (J. & A. ¶ 11548), is a jurisdictional fact, without proof of which the Circuit Court cannot proceed, and unless relief is sought within the statutory time the court has no jurisdiction to entertain the bill.

2. WILLS, § 163*—*when equity no jurisdiction to entertain bill to construe will.* Under Hurd's Rev. St., ch. 148, sec. 7 (J. & A. ¶ 11548), providing that one who seeks to contest a will must appear by his bill in chancery within one year after the probate of such will, the right to contest given by the statute does not exist without it, and one who seeks to avail himself of such statute must show that he is within its provisions where he does not come within the excepted classes of infants and persons *non compos mentis.*

3. WILLS, § 175*—*when cross-bill to contest will automatically dismissed.* When a court decrees that complainant who seeks to contest a will is not an interested party and for that reason only dismisses the original bill, the cross-bill filed in such cause automatically suffers the same fate.

4. WILLS, § 168*—*when statute of limitations begins to run as to right to contest will.* Where a will and codicil are admitted to probate by order of the Probate Court and thereafter an appeal is taken from such order to the Circuit Court which affirms it, the probate of the will and codicil is firmly and finally fixed on the date when such judgment of affirmance is recorded in the Probate Court, and under Rev. St., ch. 148, sec. 7 (J. & A. ¶ 11548), all parties in interest are limited to a year from such date within which to contest such will and codicil.

5. WILLS, § 169*—*who may contest.* The right to contest a will by statute is confined to those having an interest therein, and no one is permitted to maintain a bill without such interest.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. WILLS, § 171*—*when cross-complainant in suit to contest will estopped by admissions to claim interest of complainant to maintain bill.* Where complainant in a suit in chancery to contest a will was adjudged never to have had any interest in such will and the correctness of such finding was not challenged by cross-complainant, who was the only person interested in that phase of the decree, *held,* that such cross-complainant in effect admitted complainant's lack of interest, and that complainant therefore had no right at any time to maintain the bill.

7. WILLS, § 175*—*what is effect of dismissal of bill to contest will.* Where a suit to contest a will and codicil is commenced previous to the date when such will and codicil are admitted to probate, and more than two years later a cross-bill to contest the validity of the codicil is filed in such suit, and complainant is not an interested party, and the court so determines in dismissing his bill, the position of the parties remains the same as it would have been had complainant never filed his bill, and hence no bill has been filed by any person interested in the will of deceased within the time limited by Rev. St., ch. 148, sec. 7 (J. & A. ¶ 11548).

8. WILLS, § 168*—*when answer to bill to contest will does not constitute assertion of right to contest will within statutory limit.* An answer to a bill of complaint filed to contest a will and codicil cannot be considered as an assertion of a right to contest such codicil within the time limited by Rev. St., ch. 148, sec. 7 (J. & A. ¶ 11548), when it is not filed until more than two years have elapsed since the order of probate.

Error to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed April 10, 1916. *Certiorari* denied by Supreme Court (making opinion final).

CRUICE & LANGILLE, for plaintiff in error; A. S. LANGILLE and D. RYAN TWOMEY, of counsel.

CASTLE, WILLIAMS, LONG & CASTLE, for defendants in error; ARISTA B. WILLIAMS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This litigation involves a contest of the will of Edward Harney. We will state the order of events necessary to a decision and understanding of this case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Edward Harney died in Chicago September 23, 1910, testate. His will was dated April 5, 1910, and a codicil thereto was added September 15, 1910. By the will plaintiff in error, who was no blood kin of the testator, was bequeathed about one-third of his estate and the other two-thirds were bequeathed to certain of his collateral kin, he having died without descendants. The codicil revoked the bequest to Wilson, the plaintiff in error. The will and codicil were admitted to probate in the Probate Court of Cook county, November 29, 1910. From the order so admitting the will and codicil to probate, Wilson, plaintiff in error, appealed to the Circuit Court, where the order of the Probate Court was not varied. The action of the Circuit Court on this appeal was duly certified to the Probate Court, which, by an order of record entered October 6, 1911, recorded that fact. On August 18, 1911, Frank O. Youngblood, who called himself "Harney" and who claimed to be a son of the testator, filed a bill, found in the record, to set aside the will and codicil, on the contention that the testator was not of sound mind and memory at the time he executed will and codicil; that the will and codicil were procured by fraud and duress; and asking that the testator be decreed to have died intestate and that his estate be distributed among his heirs at law. To this bill Wilson was a party defendant, and by his answer admitted the validity of the original will but claimed that at the time the codicil to the will admitted to probate was executed by the testator he was not of sound mind and memory, but was suffering with disease; that his mind was so impaired at that time as to render him wholly incapable of making a just and proper distribution of his estate. On March 4, 1914, plaintiff in error, Wilson, obtained an order permitting him to file his cross-bill, which he did on that date, making practically the same averments in regard to the validity of the will and the invalidity of the codicil as made in his answer, and

praying *inter alia* that the will of the testator probated November 29, 1910, be declared to be his last will and testament, and that the codicil be declared null and void and of no effect. By agreement the question of heirship of the testator was tried, and on June 27, 1914, a decree was entered finding heirship and decreeing that the complainant in the original bill was not the son and heir of the testator, but that he was a bastard son of one Elma Hupp and was not a person interested in the estate of the testator, and that by reason thereof the court was without jurisdiction of the subject-matter of the bill of complaint, and dismissing complainant's bill for want of equity and also dismisssing the cross-bill, as amended, of the plaintiff in error.

Plaintiff in error is the only party to the cause questioning the verity of the decree dismissing the bill and cross-bill as amended, and his contention is that they should not have been dismissed.

In this condition of the record but one question is pertinent for our decision, and that is whether plaintiff in error can be said to have filed his bill to contest the will of Edward Harney, deceased, within the time limited by section 7, chapter 148, Rev. St. (J. & A. ¶ 11548), which is one year. That part of section 7 in which the limitation occurs reads: "* * * that if any person interested shall, within one (1) year after the probate of any such will, testament or codicil * * * appear and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, * * * according to the practice in courts of chancery in similar cases; but if no such person shall appear within the time aforesaid, the probate shall be forever binding and conclusive on all of the parties concerned, saving to infants or *non compos mentis* the like period after the removal of their respective disabilities. * * *" The right to contest a will is one given by the statute and without it no such

right exists. Therefore, as plaintiff in error is not within the exception of the statute as either an infant or *non compos mentis,* it follows that in seeking to avail of such statute he must show that he is within its provision. In *Storrs v. St. Luke's Hospital,* 75 Ill. App. 152, the court said: "The jurisdiction of chancery in the contest of wills is statutory, and the statute must be strictly construed. It is not a statute of limitation, but confers a new right or privilege which did not exist before the statute. Unless the bill is filed within three years of the probate of the will, or excused by the letter of the statute, the court has no jurisdiction."

Under the statute as it existed prior to 1903 the time in which to file a bill to contest a will was limited to three years, and as said in *Luther v. Luther,* 122 Ill. 558: "The court has no power to entertain the bill after the three years have passed." The time limited is a jurisdictional fact, without proof of which a court of chancery cannot proceed. Unless the relief is sought within the statutory time, the court has no jurisdiction to entertain the bill. When the court decreed that complainant was not an interested party and for that reason only dismissed the original bill, the cross-bill automatically suffered the same fate.

In *Loomis v. Freer,* 4 Ill. App. 547, it was said that "where an original bill in chancery is dismissed for want of jurisdiction, a cross-bill filed in the same cause, must follow the fate of the original bill."

The probate of the will and codicil of Harney became firmly and finally fixed on October 6, 1911, when the Probate Court entered an order reciting the judgment of the Circuit Court in disposing of plaintiff in error Wilson's appeal. All parties in interest were limited under the statute to one year from October 6, 1911, in which to contest by bill in chancery the validity of the will. The right to contest a will by the statute is confined to those persons having an interest in

the will, and no one who is without interest in the will is permitted to maintain a bill. The complainant in the original bill had no interest in the will of Harney, the testator, and never had, as adjudged by the decree in the record. The correctness of this finding of the decree is not challenged by the only party interested in that phase of the decree. This finding of the decree is binding upon all persons to the cause, including plaintiff in error. In other words, plaintiff in error stands before the court as admitting that complainant had no interest in the will and codicil set forth in his bill, and therefore no right at any time to maintain the bill. The complainant was not an interested party, and when the court so determined and dismissed his bill the position of the parties was the same as it would have been had complainant never filed his bill. It therefore follows, as matter of law, that no bill was filed by any person interested in the will of Edward Harney, deceased, within the time limited by section 7, *supra*.

If we should concede, which we do not, that plaintiff in error by his answer invoked the relief afterwards prayed in his cross-bill, still, as he did not file his answer until March 4, 1914, he did not assert his right to contest the will or codicil of Edward Harney within the time limited by the statute. It is consequently apparent that no party to this record interested under the will and codicil of Edward Harney, deceased, filed any bill or commenced any proceeding to contest such will or codicil within the time provided by the statute.

As the court had no jurisdiction to entertain either the bill of complaint or the cross-bill of defendant, the decree of the Superior Court dismissing both of them was without error, and that decree is therefore affirmed.

*Affirmed.*