THE STATE v. PENNYMAN.

1. **Larceny:** JOINT POSSESSION OF STOLEN PROPERTY: EVIDENCE OF GUILT. Unexplained possession by defendant of recently stolen property need not be *exclusive* in order to justify an instruction that it is in law "a strong criminating circumstance tending to show the guilt of defendant." So *held* where the stolen horse was found, the day after the larceny, ridden by a boy who was traveling with defendant, and who had been with him the day before the larceny.

2. **Criminal Evidence:** IMBECILITY OF DEFENDANT: NON-EXPERT. A non-expert can testify to the mental condition of the defendant only after detailing the facts on which he bases his opinion. (*State v. Stickley*, 41 Iowa, 232.)

*Appeal from Jones District Court.*

MONDAY, DECEMBER 21.

The defendant was convicted of the larceny of a horse, and was sentenced to a term of imprisonment in the penitentiary, and from that judgment he appeals.

*E. Keeler,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

REED, J.—The horse described in the indictment was stolen from the barn of the owner near Anamosa, Jones county, some time during the night of the second of June, 1883. On the morning of the third of June defendant was in Dyersville, in Dubuque county. He was in company with a young boy named Michael Foley, and they had the stolen horse in their possession. The boy, Foley, was riding the horse; but it was clearly shown that defendant was traveling with him. It was also shown that defendant and Foley were together in the town of Monticello, Jones county, during the greater part of the day on the second of June, and there was evidence tending to prove that they left there together quite late in the evening. The district court gave the following instruction to the jury: "If you believe from the evidence beyond any reasonable doubt that the property described in the indictment was stolen, and that the defendant was soon thereafter found in the possession of the property at Dyersville, then such possession is in law a strong criminating circumstance tending to show the guilt of the defendant, unless the evidence and the facts and circumstances proven show that he may have come honestly into the possession of the same." The giving of this instruction was made a ground of the motion for a new trial. The cause was not argued in this court by counsel for the defendant, but his views as to the instruction are expressed in an excep-

tion to it which he filed in the district court. The view urged in the exception is that, as defendant's possession of the stolen property was not exclusive, no presumption of guilt arises from the fact of such possession. But the instruction does not hold that defendant's possession of the property was *prima facie* evidence of his guilt. It directs the jury simply that the fact of possession is a circumstance strongly tending to prove his guilt, and that they might convict him on proof of that fact alone, and we think it is clearly correct.

II. A witness who was examined on behalf of defendant, and who testified that he had known him for three years, was asked what his traits of character were as to being susceptible to the influence of others, and being led by them to do and say what they might dictate, and whether he was a boy of good mind. He was also asked to state what, in his opinion, was his mental condition. These questions were excluded on the objection of the state. The object of counsel, as we understand, was to prove that defendant was imbecile, and not criminally responsible for his acts. The questions were asked with the view of eliciting the opinion of the witness as to the mental condition of the defendant. The witness was not an expert, and his opinion could be given in evidence only after he had detailed the facts and circumstances on which it was formed. *State v. Stickley*, 41 Iowa, 232. He had not been asked to detail the facts upon which his opinion was formed. The court, therefore, correctly excluded his opinion. We have examined the whole record, and we find no ground for disturbing the judgment of the district court. It will therefore be

AFFIRMED.