ANNA JELE, impleaded, etc.

*v.*

JOSEPH LEMBERGER.

*Filed at Ottawa November 9, 1896.*

1. EQUITY—*jurisdiction of, to determine validity of will, is statutory.* The jurisdiction of courts of chancery to entertain bills to set aside wills is derived exclusively from the statute.

2. WILLS—*cannot be contested by non-resident alien as respects devises of real estate.* A non-resident alien cannot maintain a bill to set aside a will of real estate situated in this State, as the statute (Laws of 1895, p. 327,) allows only a "person interested" to maintain such bill, and a non-resident alien, under our disqualifying statute, has no interest in the lands devised.

3. SAME—*contestant must show relationship as giving an interest.* A decree setting aside a will is not authorized where the complainant is not shown to be in any way related to the deceased, so as to give him the interest in the estate required by the statute as a condition of maintaining the bill.

4. APPEALS AND ERRORS—*what statements in pleadings will establish alienage on appeal.* It will be assumed, on appeal, in the absence of any finding or evidence to the contrary, that a complainant designated in his bill and in the answer of one of the defendants as "of the empire of Germany" is a non-resident alien.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

Joseph Lemberger, the defendant in error, filed in the Superior Court of Cook county his bill of complaint, the commencement of which is as follows: "Your orator, Joseph Lemberger, of the empire of Germany, by Mary Lemberger, his attorney in fact, respectfully represents unto your Honors that one Joseph Lemberger, also known as Joseph Lempberger, the uncle of your orator, Joseph Lemberger, late of the county of Cook and State of Illinois, but now deceased, on, to-wit, the 16th day of August, 1892, executed a certain instrument of writing purporting to be his last will and testament, and afterwards, and on, to-wit, the 12th day of September, 1892, said Joseph Lemberger departed this life, leaving the following named persons, besides your orator, his heirs-at-law and legal representatives, to-wit, Walpurga Weinfurter, a niece, and George Lemberger, a nephew, defendants hereinafter named." The bill then states, in substance, that the said Joseph Lemberger, deceased, in and by the said instrument of writing purporting to be his last will and testament, professedly bequeathed all his property to one Anna Jele, and that said will was probated and Anna Jele appointed executrix under the same. It also states that the deceased was, at the time of his death, the owner and in possession of a certain described house and lot in Cook county of the value of $4000, and that since his death the said Anna Jele has been enjoying the rents and profits of said premises. The bill charges that the testator, Joseph Lemberger, deceased, at the time of making the will in question, was in his dotage; that his mind was impaired; that he was frequently intoxicated; that he was illiterate and spoke English imperfectly, and that he was under the undue influence of said Anna Jele, to whom he was not related. Anna Jele, Walpurga Weinfurter and George Lemberger were made defendants

to the bill. The prayer of the bill is, that the supposed last will and testament be declared not to be the last will and testament of Joseph Lemberger, deceased, that his estate be distributed among his heirs, and for other and further relief.

The answer of Anna Jele states "that she does not deny the relationship existing between Joseph Lemberger, of the empire of Germany, to Joseph Lemberger, now deceased." It admits that she is a beneficiary under the will, denies all charges of improper influence over the deceased, and denies that he was not of sound mind and memory at the time of making said will or that he was incapacitated by intoxication. The co-defendants, Walpurga Weinfurter and George Lemberger, say in their answer: "These defendants, for answer unto said bill, say that they neither confess nor deny any of the allegations therein contained, but call for such proof in regard thereto as the said complainant desires to make."

Replications were filed to the answers. Certain issues at law were made up and submitted to the decision of a jury. The jury, in their verdict, found that the writing read in evidence is not the last will and testament of Joseph Lemberger, deceased; and further, that at the time of the execution and attestation of said writing said Joseph Lemberger was not of sound mind and memory.

The decree of the Superior Court was as follows: "This cause having come on to be heard upon the bill of complainant herein, the answer of the defendants thereto, and replication of the complainant to such answers, and the court having heretofore directed an issue at law to be made up whether the writing referred to in the pleadings and purporting to be the last will and testament of Joseph Lemberger, deceased, was the last will and testament of said Joseph Lemberger or not, and whether said Joseph Lemberger, at the time of the execution and attestation of said writing read in evidence purporting to be the last will and testament of said Joseph Lemberger,

was of sound mind and memory, and a jury, to-wit, (here follow names of jurors,) having been called, elected and sworn to try the said issues, and the said jury having heard, * * * and having found by their verdict that the said writing was not the last will and testament of said Joseph Lemberger, deceased, and that the said Joseph Lemberger, at the time of the execution and attestation of said writing, was not of sound mind and memory, and the defendant Anna Jele having interposed a motion in this cause to set aside the said verdict and for a new trial, and the court, having heard the grounds and arguments in support thereof and being fully advised in the premises, overruled said motion: It is further ordered, adjudged and decreed by the court, that the said instrument in writing purporting to be the last will and testament of the said Joseph Lemberger, deceased, and the probate of the said will in the probate court of Cook county, and the proceedings thereunder, be and the same are hereby set aside, and be and the same are hereby declared null and void. It is further ordered and decreed that the costs of this proceeding be taxed against the defendants, and that execution may issue therefor in due course."

Among the assignments of error on the record are these: That the Superior Court of Cook county had no jurisdiction of the subject matter of the suit; that it was error to entertain the suit and enter the decree, in that the complainant is an alien, incapable of inheriting real property; that the entire record fails to show any interest of complainant in the subject matter of the suit; that there is no finding, either in the verdict or decree, that complainant is an heir of Joseph Lemberger, deceased, or has any interest whatever in the lands set forth in the bill; that there is no finding of facts in the decree sufficient to support it.

A. W. THOMAS, and JOHN F. GEETING, for plaintiff in error.

WILBUR & HAUZE, for defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

In his bill of complaint defendant in error designates himself as "Joseph Lemberger, of the empire of Germany." The inference from such designation must be that he is a citizen or resident of such empire, and in respect to the State of Illinois a non-resident alien. And in her answer plaintiff in error Jele likewise designates the complainant as "Joseph Lemberger, of the empire of Germany." This is, in effect, an admission on the record of such non-resident alienage. (*McVey* v. *McQuality,* 97 Ill. 93.) So, there being no finding in the decree to the contrary and no evidence tending to prove otherwise, the only conclusion deducible from the record is that the complainant in the bill is a non-resident alien. Nor is there any averment in any of the pleadings or any finding in the decree or evidence in the record showing the existence of any treaty between the government of the United States and either the empire of Germany or the government of any country forming a part of such empire, and of which such complainant is a citizen or resident, conferring upon the citizens or residents of such empire or country the right of acquiring title to or taking or holding real estate within the United States. It follows, then, that defendant in error is within the inhibition of the law of this State which declares that a non-resident alien shall not be capable of acquiring title to or taking or holding any lands or real estate in this State by descent, devise, purchase or otherwise. (Laws of 1887, p. 5.) Even if Joseph Lemberger, the deceased, died intestate, yet under this act of 1887 his real estate within this State did not descend to his non-resident alien kindred, and therefore defendant in error, being incapable of inherit-

ing, has no right, title or interest in the house and lot described in his bill. (*Wunderle* v. *Wunderle*, 144 Ill. 40; *Beavan* v. *Went*, 155 id. 592.) And there is no averment in the bill, or finding in the decree, or evidence, to show that the deceased, when he died, was the owner or holder of any money or personal property within this State. The averment that at his death he was the owner and in possession of the described house and lot excludes any presumption that he owned other property. It is a proper place for the application of the rule *expressio unius, exclusio alterius,*—that which is implied and is general is restricted by that which is expressed and is particular and specific. The rents, issues and profits mentioned in the bill grew out of and went with the house and lot.

Again, assuming the statement in the bill that "said Joseph Lemberger departed this life leaving the following named persons, besides your orator, his heirs-at-law and legal representatives, to-wit, Walpurga Weinfurter, a niece, and George Lemberger, a nephew," to be a sufficient allegation that he, the complainant himself, is an heir, and also a sufficient allegation that he and the other two parties named are the sole heirs, yet there is neither admission nor finding nor proof that either the complainant or Walpurga Weinfurter or George Lemberger is either a nephew or niece or next of kin or heir to the deceased. The answer of plaintiff in error Jele did not admit the relationship. It simply stated "that she does not deny the relationship existing between Joseph Lemberger, of the empire of Germany, to Joseph Lemberger, now deceased." And the answer of the other defendants merely was, "that they neither confess nor deny any of the allegations in the bill contained, but call for such proof in regard thereto as the said complainant desires to make." These several answers neither admitted nor denied the relationship and heirship alleged in the bill, and the rule is, that when material averments in a bill are neither admitted nor denied in the answers they must

be established by proof. *Litch* v. *Clinch*, 136 Ill. 410; *Morgan* v. *Herrick*, 21 id. 481; *Wilson* v. *Kinney*, 14 id. 27.

It is incumbent upon the party seeking to sustain a decree in chancery to preserve the evidence in the record, either by a recital in the decree of the facts essential for its support, or in one or another of the modes recognized by the chancery practice in this State. (*Baird* v. *Powers*, 131 Ill. 66; *Marvin* v. *Collins*, 98 id. 510.) In the case at bar there is not even a general finding that the allegations of the bill are true, and no questions of kinship and heirship were involved in the issues upon which the jury returned their verdict.

Under the general equity powers of a court of chancery, and independently of statutes, a bill will not lie to set aside a will or its probate. (*Gaines* v. *Fuentes*, 92 U. S. 10; *Luther* v. *Luther*, 122 Ill. 558.) In this State the jurisdiction of a court of equity to set aside and annul a will and the probate thereof is conferred by section 7 of the act in regard to wills. That section, as amended in 1895, (Laws of 1895, p. 327,) provides that if any person interested shall, within three years after the probate of any will, testament or codicil, appear, and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up whether the writing produced be the will of the testator or testatrix or not, which shall be tried by a jury in the circuit court of the county wherein such will, testament or codicil shall have been proven and recorded, according to the practice in courts of chancery in similar cases. And in *Luther* v. *Luther*, *supra*, this court said (p. 565): "As the jurisdiction of courts of chancery in this State to entertain bills to set aside the probate of wills is derived exclusively from the statute, such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute. 'If any person interested shall, within three years after the probate,' etc.  *  *  *  If such person does not appear within three years, an issue at law cannot be made up. The

appearance within three years is a jurisdictional fact, and is necessary in order to put the machinery of the court in motion so as to test the validity of the will. The court has no power to entertain the bill after the three years have passed." Under the doctrine of this case it is just as essential to the jurisdiction of the chancery court that the bill should be exhibited by "a person interested," as it is that the bill should be filed within the limited number of years from and after the original probate of the will.

The right given by the statute to contest by a bill in chancery the validity of a will is a right that is not necessarily confined to heirs-at-law, for the right is given to "any person interested," which may embrace a devisee as well as an heir-at-law. (*Wolf* v. *Bollinger*, 62 Ill. 368.) And in *McDonald* v. *White*, 130 Ill. 493, we held that a person not directly and pecuniarily interested in the estate of a deceased person at the time of the probate of the will of such decedent, is not entitled to file a bill in chancery for the purpose of contesting the will. Here the Superior Court was without jurisdiction to entertain the bill, because it affirmatively appears upon the face of the record that defendant in error was a non-resident alien incapable of taking or holding real estate in Illinois by descent or otherwise, and therefore not "a person interested" in the subject matter of the suit, within the meaning of the statute. And defendant in error can not maintain his decree for the still further reason that it does not appear from the record that he is in any way related to the deceased, by consanguinity or otherwise, so as to give him, even in the absence of incapacity growing out of his alienage, any interest in the estate.

For the reasons stated herein the decree is reversed. The cause is remanded. If the facts *dehors* the record are such as that counsel shall advise an amendment of the bill, then leave to amend may be taken.

*Reversed and remanded.*