## *In re* OLSON.

1. Where an affidavit is filed in the circuit court, with a notice of appeal, the court looks only to the affidavit for the facts, in determining a motion to dismiss the appeal.

2. An order of the county court revoking the appointment of a guardian for a person mentally incompetent may be appealed from by such guardian and the children of the incompetent person, since they are substantially affected thereby, as provided by Comp. Laws; §§ 5962, 5964.

(Opinion filed May 17, 1898.)

Appeal from circuit court, Union county.    Hon. E. G. SMITH, Judge.

In the matter of the guardianship of the person and estate of Thomas Olson.   From an order of the circuit court denying the motion to dismiss the appeal from an order revoking the guardianship, Olson appeals.   Affirmed.

The facts are stated in the opinion.

*C. S. Palmer*, for appellant.

*E. C. Ericson* and *French & Orvis*, for respondents.

HANEY, J.   It appears from the records of the county court that an order was entered therein adjudging Thomas Olson to be mentally incompetent, and incapable of caring for himself and his property, and appointing A. O. Ringsrud guardian; that he duly qualified, and subsequently tendered his resignation in writing, which was filed and indorsed by the county judge as accepted; that thereupon Andrew Anderson was appointed but did not qualify; and that Ringsrud never filed a final account.   Unon the petition of Olson, verified by one of his attorneys, and a citation to, and served only on, Olson's wife, the county court entered an order or decree wherein

it is "ordered, adjudged, and decreed that all orders heretofore made appointing a guardian for the said Thomas Olson, as well as all orders and decrees of said court decreeing the said Thomas Olson incompetent to manage and control his own affairs, should be, and the same are hereby, set aside, vacated, and annulled, and all said orders are declared to be of no further binding force and effect," from which Ringsrud, as guardian, and the children of Olson, appealed to the circuit court, on questions of both law and fact. An affidavit was filed with the notice of appeal, wherein it is stated that Ringsrud is the duly-qualified and acting guardian of the person and estate of Thomas Olson, that the other appellants are Olson's children, and that none of the appellants were present at, or had notice of, the hearing upon which the order appealed from was made. Olson, by his attorneys, moved the circuit court to dismiss the appeal for the reason "that the circuit court has no jurisdiction of the subject matter in controversy, and no jurisdiction to hear, try, and determine or make any order in the premises." The motion was denied, and he appealed to this court.

It is unnecessary to determine whether Ringsrud had ceased to be guardian, his successor not having qualified, and he not having filed his final account, because it was the duty of the circuit court, in deciding Olson's motion to dismiss, to look only to the affidavit filed with the notice of appeal, for the facts entitling the persons therein named to appeal. Comp. Laws, § 5964. It is shown by such affidavit that Ringsrud "is the duly qualified and acting guardian of Thomas Olson," that the other appellants are his children, and that none of the appellants were parties to the proceedings in the county court. So far as the jurisdiction of the circuit court is concerned, the facts stated in this affidavit are conclusive. For the purposes of this appeal, Ringsrud was still guardian when the order appealed from was made. Such order revoked his appointment, and was appealable. Comp. Laws, § 5962. As to the children, it certainly affected a substantial right in a proceeding in which

they were entitled to be heard upon their application. Comp. Laws, §§ 5962, 5964. If their father was incapable of caring for himself and his property, who could be more vitally interested than his children in having his estate preserved by a suitable guardian? They are certainly interested in the estate affected by the order appealed from. As to them, it was clearly an appealable order. The notice of appeal, affidavit, and undertaking conferred jurisdiction upon the circuit court. Its order denying Olson's motion to dismiss is affirmed.