### HALDE v. SCHULTZ.

1. Under Rev. Prob. Code, § 346, granting the right to appeal to any person aggrieved by the action of the county court in admitting or refusing probate of a will, an executor is entitled to appeal.

2. Non-expert witnesses are competent to give their opinion as to the mental condition of testatrix in a proceeding contesting the probate of the will on the ground of unsoundness of mind at the time of making the will.

3. The interest of a divorced husband in the estate of his divorced wife, contingent on the death of their minor child, is not sufficient to author-

ize him to contest her will, under Rev. Prob. Code, § 43, permitting contest only by a person interested.

4. Under Rev. Civ. Code, §§ 107-127, relating to the custody and control of minor children and their property, the divorced husband of testatrix, the latter of whom was awarded the custody of their minor child on divorce being granted, is not authorized to contest her will, under Rev. Prob. Code, § 43, permitting contest only by a person interested, since he had no control over the property of the child before the divorce proceedings, and no interest thereafter in the property of the wife or child, except such as was contingent on the death of the child.

(Opinion filed Dec. 2, 1903.)

Appeal from circuit court, Hamlin county. Hon. JULIAN BENNETT, Judge.

Application by Frank D. Schultz for the probate of the will of Bella Cormack, deceased. From a judgment probating the will protestant appeals. Affirmed.

*John B. Hanten,* for appellant.

Non-expert witnesses cannot express a general opinion as to sanity, nor give an opinion independent of the facts and circumstances within their own knowledge. They can detail the facts known to them which show insanity, and characterize the acts and conversations detailed as rational or irrational. Bradner on Evidence, Page 554; Greenleaf, Vol. 1, Sec. 440; Paine v. Aldrich, 30 N. E. 725; Hoover v. State, 66 N. W., 1115; People v. Taylor, 34 N. E. 275; State v. Leehman, 49 N. W. 3; Smith v. Smith 32 N. E., 348; Hamrick v. State, 34 N. E. 3; Jameson v. People, 34 N. E. 486: Lynch v. Doran, 54 N. W. 882; Davis v. U. S. Book, 41 L, C. P: C. 750-165, U. S. 373; Tetrault v. O'Connor (N. D.) 76 N. W. 225.

*Hall, Lawrence & Roddle,* for respondent.

Administrators or executors may appeal from an order of removal and the appointment of an administrator. Billings v. Billings, 4th Ark. 90; In re Matter of Cornelius, 14, Ark. 675; Connely v. Sullivan. 50 Ill. App. 627; Doran v. Mullen, 78, Ill, 343; In re Matter of Paige, 118, Ill. 576.

An executor has an interest to appeal whenever it is sought to wrest from him property belonging to the succession and his right to appeal exists independently of the heirs or creditors. Cassidy's Succession, 40 La Ann. 829; McKenna's Succession, 23 La Ann. 370.

A decree of divorce giving the custody of a child to the mother empowers her to appoint a testamentary guardian. Wilkinson v. Deming, 80 Ill. 342; Hockheimer on custody of infants, sec. 78.

A divorce cancels all right of the father to the custody or control of a child and transfers all his parental right to the mother. Fox, Adm. v. Hicks, Ex. 50 L. R. A. 663.

By divorce the husband loses his right to the administration of his wife's estate. Lawson's Rights, Remedies and Practice, vol. 2, sec. 801; Schouler on Husband and Wife, sec. 560; Croswell on Executors and Administrators, sec. 26.

Opinions of attesting witnesses and facts stated by them as occurring at the time of the execution of the will are entitled to great weight on the question of testamentary capacity in the will contest. Whitenock v. Stryker, 2 N. J. Eq. 8; Jamison v. Jamison, 3 Houst. (Del.) 808; Kelly v. Parroult 48 Pac. 455; Cornelius v. Cornelius, 52 N. C. 583; Martin v. Thayer, 37 W. Va. 38; Harrison v. Rowan, 3 Wash. C. C. 580; Kerr v. Lundsford, 31 W. Va. 659; Potts v. House, 6 Ga. 324 50 Am. St. Rep. 361.

A person not *directly or pecuniarily* interested in the estate of a deceased person at the time of the probate of the will of such decedent is not entitled to file a bill in chancery for the purpose of contesting the validity of such will. State v. Pennyman, 68 Ia. 216; Territory v. Hort, 17 Pac. 718; Webb v. State, 5 Tex. App. 608; Hardy v. Merrill, 56 N. H. 227; State v. Klinger, 46 Mo. 228.

CORSON, J. This is an appeal from the judgment of the circuit court reversing the judgment of the county court refusing to admit to probate a will. The facts necessary to a proper understanding of the questions presented on this appeal will be briefly stated: One Bella Halde, by her maiden name of Bella Cormack, made her last will and testament, by which she bequeathed to Ann Cassidy the sum of $300, and to Dan Cassidy the sum of $200, and the balance of her estate to Mary Elsie Halde, her only child, of the age of about eight years, and appointed the said Dan Cassidy as guardian of the person and estate of the said child, and named the respondent herein, Frank D. Schultz. as executor of the said will. This will was executed on the 22nd day of May, 1901, and shortly thereafter the said Bella Halde departed this life. The said Schultz, as executor, presented the said will to the county court for probate, and upon the day fixed for hearing the same the contestant, Nikolaus Halde, filed a protest, in which he averred, in substance, that Mary Elsie Halde, named in the said will, was the lawful issue of the contestant and the testatrix, Bella Halde; that the said Bella Halde at the time of making the said will was of unsound mind and memory, and that she was improperly influenced to make

the same by Ann and Dan Cassidy, the legatees named therein; that neither said Ann Cassidy nor Dan Cassidy was related in any manner to Mary Elsie Halde, and they were not entitled to the guardianship, care, or custody of the said child; that the protestant, who makes protest in said child's behalf, is her lawful father, and is entitled to the guardianship of the person and property of the said child; that the testatrix during her last illness made the will in controversy; and that, by reason of the unsoundness of her mind and memory, the said will was invalid and of no effect. The protestant prayed that said will be not admitted to probate, that he be appointed guardian of the person and estate of the said Mary Elsie Halde, and that he be appointed administrator of the estate of the deceased. A demurrer was interposed to this protest on the ground that it did not state facts sufficient to constitute a contest of the will filed and offered for probate; that said contestant was not an interested party, and therefore was not entitled to contest the will. This demurrer was over-ruled and thereupon the executor filed an answer to the complaint of said contestant, in which it was averred, among other things, that on November 29, 1899 a decree of divorce had been rendered in the circuit court, granting the said Bella Halde a divorce from the said contestant upon the ground of desertion by him, and awarding to her the care and custody of the said child. On the trial of this case in the county court that court held the said will invalid, and refused to admit the same to probate. From this judgment of the county court, Schultz, as executor, appealed to the circuit court. The contestant moved to dismiss the said appeal upon the ground that the executor was not authorized to take an ap-

peal, not being a party aggrieved, within the meaning of the statute authorizing appeals from the county court to the circuit court. This motion was denied, and the case was tried by the circuit court without a jury, and it found the facts and conclusions of law in favor of the executor, and rendered judgment thereon directing the county court to admit the said will to probate without further proof; to appoint Dan Cassidy guardian of the person and estate of the said Mary Elsie Halde, and said Frank D. Schultz executor of the said last will and testament; and to proceed with the administration of the estate in accordance with the terms and provisions of the said will.

It is contended by the appellant (1) that the court erred in denying the the motion to dismiss the appeal taken by the executor from the county court to the circuit court; (2) that the court erred in finding that the testatrix, Bella Halde, was the of sound mind and disposing memory at the time she executed said will; (3) that the court erred in finding that the said testatrix was not unduly influenced in the execution of the said will by Ann and Dan Cassidy, legatees named in the said will; and (4) that the court erred in permitting certain witnesses on the part of said executor to give their opinions as to the mental condition of the said testatrix at or about the time of the making of the said will.

It is insisted on the part of the respondent that the court's findings are fully sustained by the evidence, and that his rulings are correct, but, if they were not so, that the appellant was not prejudiced, and could not complain, for the reason that by the undisputed evidence it was shown that he had no interest in the estate of Bella Halde, deceased, and that he was

not entiled to the guardianship of the person or property of the said child, by reason of the fact that the said testatrix had prior to the execution of her will, been divorced from him and had been awarded the care and custody of the said child.

The first question, as we have seen, is, did the court err in denying the motion to dismiss the appeal from the county court to the circuit court upon the ground that the respondent, Schultz, was not authorized, as executor, to take an appeal? Section 345 of the Probate Code provides: "An appeal may be taken to the circuit court from a judgment or oder of the county court *. * * (2) admitting or refusing to admit a will to probate. * * *"  And section 346 provides: "Any party aggrieved may appeal as aforesaid except where the decree or order of which he complains was made upon his default." The respondent, being named as executor in the will, necessarily was aggrieved by the judgment of the county court adjudging the will invalid. He had a direct interest in having the will sustained, and the same probated. This was virtually settled in the case of In re Olson, 10 S. D. 648, 75 N. W. 203, in which this court held that a guardian removed by order of the county court was authorized to appeal, in connection with the heirs, from such order to the circuit court. The same rule would undoubtedly apply to an executor removed by the county court, and certainly a denial of his right to act as executor, holding the will invalid, and refusing to admit it to probate, would equally entitle him to an appeal. The decision of the county court in this case not only affected the heirs, but directly affected the executor; and we are clearly of the opinion that he is a person aggrieved, within the meaning of the section above quoted, and that the court therefore properly denied the motion to dismiss the appeal.

It is further contended by the appellant that the findings of the court are not supported by the evidence, and that he committed error in holding that the testatrix was of sound mind at the time of the execution of the will, and also erred in holding that the said Ann and Dan Cassidy did not exercise an undue influence over the testatrix in procuring the said will to be executed. The evidence upon this question is voluminous, and to some extent conflicting; but, after a careful examination of it, we are not only unable to say that the evidence preponderated in favor of the appellant, but we are inclined to the opinion that the court's findings were fully supported by the evidence.

It is further contended by the appellant that the court erred in permitting non-expert witnesses to give their opinion as to the mental condition of the testatrix at about the time she executed her will. That the court did not err in admitting this evidence may be regarded as settled law in this state, since the decision of this court in State v. Leehman, 2 S. D. 171, 49 N. W. 3. In that case the court said: "If the question presented and the ruling of the court were as indicated by counsel's brief, it would probably be held to be error, for it seems to be now well settled in nearly all the states that a non-expert witness will be allowed to express his opinion as to the mental condition of a person after having stated the facts upon which such opinion is based. People v. Conroy, 97 N. Y. 62: State v. Pennyman, 68 Iowa 216, 26 N. W. 82; Territory v. Hart (Mont.) 17 Pac. 718; Webb v. State, 5 Tex. App. 608. Hardy v. Merrill, 56 N. H. 227, 22 Am. Rep. 441; State v. Klinger, 46 Mo. 228."

But in any view the decision of the trial court was clearly

correct, for the reason that the contestant, Halde, was not a person authorized to contest the will. By the decree of divorce his interest in the estate of the testatrix was terminated. A person not directly or pecuniarily interested in the estate of the deceased person at the time of the probate of the will is not entitled to contest the validity of the same. In Storrs v. St. Luke's Hospital, 180 Ill. 368, 54 N. E. 185, 72 Am. St. Rep. 211, the Supreme Court of Illinois says: "In construing the statute, we have also held that the words 'any person interested,' as used in the proviso to said section, mean those persons who are interested in the settlement of the estate—that is to say, those who will be affected in a pecuniary sense by this settlement; that the interest must be a direct pecuniary interest affected by the probate of the will, as the reference is to an existing interest and not to an interest which may be subsequently acquired. A person not directly and pecuniarily interested in the estate of a deceased at the time of the probate of the will of such decedent is not entitled to file a bill in chancery for the purpose of contesting the will. McDonald v. White, 130 Ill. 493, 22 N. E. 599; Jele v. Lemberger, 163 Ill. 338 [45 N, E. 279]." A similar doctrine was announced by the Court of Appeals of New York in Matter of Ensign, 103 N. Y. 284, 8 N. E. 544; 57 Am. Rep. 717. · In that case the court held: "A divorced wife, whether the divorce was granted because of the misconduct of herself or her husband, is not entitled, if he die intestate, to administration or to a distributive share of his estate." The only person entitled to contest a will in this state is a person interested. Section 43 of the Probate Code. Similar language is used generally in the statutes of other states. 16 Ency. P. & P. p. 1009.

. It will thus be seen that the contest was based upon an erroneous theory assumed by the county court that the contestant, Nikolaus Halde, had some interest that entitled him to contest the will. The only possible interest that Halde had in the estate of the testatrix was a contingent interest in the estate in case of the death of the child, Marie Elsie Halde; but this is not regarded, in law, as a sufficient pecuniary interest to authorize him to contest the will. Storrs v. St. Luke's Hospital, supra; In re Fallon's Will, 107 Iowa, 120, 77 N. W. 575; Kostelecky v. Scherhart, 99 Iowa, 120, 68 N. W. 591; Franke v. Shipley, 22 Or. 104, 29 Pac. 268.

What relation the father sustains to his child after a divorce in favor of the wife on the ground of his failure to support her is not entirely clear. The relation existing between parents and children while the marriage relation exists is clearly defined by sections 107 to 127, inclusive, of the Revised Civil Code. By section 111 it is provided that the father of the minor child is entitled to its custody, services, and earnings, and if the father be dead, or be unable or refuse to take the custody, or has abandoned his family, the mother is entitled thereto. By section 114 it is provided that the parent, as such, has no control over the property of the child. And section 127 provides that the husband and father, as such, has no rights superior to those of the wife and mother in regard to the care, custody, education and control of the children of the marriage, while such husband and wife live separately and apart from each other; and the circuit court is authorized, as aforesaid, in such a case, to make such regulations in regard to the minor children as the circumstances may require. It will thus be seen that the father, as such, even in case there has been no di-

vorce, has no control over the property of the child. If Halde, in this case, had no control over the property of his daughter prior to the divorce proceedings, he could certainly have none thereafter as such father. Whatever rights, therefore, he may have retained as the father of the child, would not be affected by the proceedings to probate the will. It is quite clear, therefore, that having no interest in the property of the testatrix, and no right to control the property of the minor child as such father, he had no interest in the proceedings to probate the will that entitled him to contest the same.

The judgment of the circuit court, and order denying a new trial, are affirmed.