## Ellen L. Clowry et al. v. Bridget Nolan et al.

### Gen. No. 12,008.

1. WILL CONTEST—*by what law jurisdiction to entertain, governed.* The statute in force at the time of the filing of a bill to contest a will is the statute which confers jurisdiction on the court to entertain the same and not the law in force when the will was probated.

2. WILL CONTEST—*within what time must be instituted.* A proceeding to contest a will must be filed within one year from the date of the probate of the will sought to be set aside.

Will contest. Appeal from the Circuit Court of Cook County; the HON. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 8, 1905.

D. RYAN TWOMEY and P. S. O'RYAN, for appellants.

BURTON & KANNALLY, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellants filed their bill of complaint to contest the will of Anne Clowry, deceased. The will was probated January 8, 1902. At the time of the probate of the instrument the statute provided that a bill in chancery to contest the validity of a will might be filed within two years from the time of probate. (R. S. 1901, Chap. 148, Sec. 7.) By an amendment in force July 1, 1903, the time within which

such a bill could be filed was reduced to one year. (R. S. 1903, Chap. 148, Sec. 7.) The bill in controversy was filed November 17, 1903, more than one and less than two years after the probate of the will the validity of which it was thus sought to contest.

In Spaulding v. White, 173 Ill. 127, the facts were similar to those in the case before us. There, after probate of the will the statute had been amended reducing the time within which the bill to contest could be filed from three years to two years. The amendment had taken effect and was in force when the bill was filed, which was within three years, but more than two years after the probate of the will. It was held that as the power to entertain a bill to set aside a will is not within the general jurisdiction of courts of equity but is derived exclusively from the statute (Jele v. Lemberger, 163 Ill. 338–344, and cases there cited), it can be exercised only in the manner and under the limitations of the statute; that the time within which such bill may be filed is not a limitation law, but a statute conferring jurisdiction and fixing a time within which it may be exercised. The statute in force at the time of filing the bill is therefore the statute which confers jurisdiction on the court to entertain a bill to contest the validity of a will and not the law in force when the will was probated. Storrs v. St. Luke's Hospital, 180 Ill. 368–372; Sharp v. Sharp, 213 Ill. 332–337.

It is argued that the amendatory act applies only to wills which "shall be exhibited in the County Court for probate," and not to those which had been exhibited prior to its enactment. These words of the statute are open to the construction that they do not necessarily relate exclusively to wills presented for probate thereafter, but apply as well to such as shall have been so exhibited or shall be on exhibition at any time, and they have been so considered by the courts in cases above referred to. The amendment was approved May 15, 1903. Appellants had thereafter until July 1st of that year to file their bill under the prior law, with notice by the passage and approval of the amendatory

act, that it would take effect at that time.   In all they had
from January 8, 1902, until July 1, 1903, nearly eighteen
months, certainly a reasonable time.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*