## DAVIS, Respondent, v. DAVIS, Appellant.

### (137 N. W. 283.)

1. **Evidence—Law of the Case—Foreign Adjudication.**

    The decision on a former appeal that the record of a decision of a court of a sister state is admissible in evidence, is the law of the case on subsequent appeal.

2. **Stipulation, Amendment of—Abuse of Discretion—Evidence.**

    Where respective counsel stipulated for admission of certain testimony taken on a former trial, and that it should

· be received with the same force and effect as if delivered on
witness stand, which stipulation was hurriedly made in court,
plaintiff having no intention of waiving objections and excep-
tions thereto taken at former trial and which the supreme
court had sustained; the right to rely on which objections,
etc. was inadvertently omitted from the stipulation; held, the
trial court committed no abuse of discretion in allowing
plaintiff's motion to amend the stipulation to conform to what
was really intended by the parties in making it.

3.  **Stipulation for Testimony—Admission of Testimony of Witnesses
at Former Trial—Effect.**
A stipulation that testimony given at former trial be "taken
and considered as the testimony of the said witnesses at this
trial, with the same force and effect as delivered on the wit-
ness stand," and that parties could rebut and ask impeaching
questions on new matter taken in depositions since former
trial, permitted admission on second trial of such former
testimony subject to former objections, etc.

4.  **Non-Expert Witness—Opinion Evidence—Mental Incompetency.**
A non-expert witness may express his opinion as to mental
condition of a person, after stating the facts on which such
opinion is based.

5.  **Conflicting Evidence—Conclusiveness of Finding.**
A finding on voluminous and conflicting evidence, against
which the evidence does not preponderate, will not be dis-
turbed.

(Opinion filed, June 25, 1912.    Rehearing denied, Sept. 28, 1912.)

Appeal from Circuit Court, Clark County. Hon. GEORGE H.
MARQUIS, Judge.

Action by John B. Davis against Michael B. Davis, to re-
cover land claimed by plaintiff as heir, and involving the com-
petency of his father in quitclaiming the land to defendant. From
a judgment for plaintiff and from an order denying a new trial,
defendant appeals.    Affirmed.

*W. J. Jacobs and John C. Watson,* for Appellant.

A mortgage executed by a lunatic after the creation of the
debt which it is given to secure, and on the faith of which no new
consideration is parted with is invalid.    D. M. Smith's Com. v.
Forsythe, 90 S. W. 1075 (Ky.).

We contend that in this Kansas case it was unnecessary to
find Andrew J. Davis of unsound mind in order to declare a deed
a mortgage; and that this case holds that Andrew J. Davis, at
the time of the execution of the Kansas deed, had sufficient

mental power and reason to execute a mortgage for a past consideration.

Further, this Kansas case is not an adjudication of permanent or general insanity, and it is only in the case of permanent or general insanity that there is any presumption of its continuance.

In order to raise a presumption of the continuance of insanity it must be shown that it was general or of a permanent nature. No such presumption exists in the case of temporary or occasional insanity, hence, if in such case, insanity at a particular time is asserted or relied upon, it must be proved by the party asserting it. See note 4 A. & E. Ann. Cases 493, and many cases there cited.

The court erred in admitting into the evidence the so-called transcript of the record of a case tried in Jewell county, Kansas, and designated as Exhibit "A." Section 529 Code of Civil Procedure.

The purpose of the judge's certificate in this record is to show to this court that the attestation of the clerk to this record is in the form prescribed by the state of Kansas. "The signature attached to the certificate of the clerk" may be "the signature of W. F. Keyes and entitled to full faith and credit," and still the attestation of the clerk may not be in the form prescribed by the state of Kansas. The purpose of the judge's certificate is not to certify to the signature of the clerk, but to certify that the attestation of the clerk is in due form of law.

A copy of a record of another state, though not authenticated according to the act of congress, is admissible in evidence if authenticated as required by the statutes of the state in which it is offered. Droop v. Ridenour, 11 App. D. C. 224.

Under act of congress May 26, 1790, declaring that records of the court of any state shall be admitted in any other court within the United States, by an attestation of the clerk, together with the certificate of the judge that the attestation is in due form, such certificate is the only evidence that can be received that the attestation is in the form required by the state from which the record comes. Craig v. Brown, Fed. Cas. No. 3328 (Pet. C. C. 352.)

An exemplification of a foreign judgment is sufficiently authenticated, if the presiding judge of the court certify that it is in due form of law; the form of the attestation of the clerk is immaterial. Crawford v. Simonton's Ex'rs., 7 Port. 110 (Ala.)

It is indispensable to the authentication of the judicial record of a sister state that it have attached thereto a certificate of the presiding judge, that the attestation is in due form of law.  Chapman v. Chapman, 74 Neb. 388, 104 N. W. 880; Comstock v. Kerwin, 57 Neb. 1, 77 N. W. 387; Westerman v. Sheppard, 52 Neb. 124, 71 N. W. 950; Smith v. Brockett, 69 Conn. 492; Haynes v. Cowen, 15 Kansas, 637; Melius v. Houston, 41 Miss. 59; Ordway v. Conroe, 4 Wis. 45; Folsom v. Blood, 53 N. H. 434; 24 A. & E. Ency. Law, 204 and notes 4 and 5; 23 Cyc. 1569, and note 83; 23 Cyc. 1570 and note 88; Jones on Evidence No. 629 and note 67; Ferguson v. Harwood, 7 Cranch. 408; Tooker v. Thompson, 3 McLean, 93; Hutchins v. Gerrish, 52 N. H. 205, 13 Am. Reps., 33, 19; Fitzpatrick v. Williams, 10 La. Ann. 517; Wigmore on Evidence, No. 1681.

We strenuously contend that the court had no discretion but to enforce the stipulation, and that in setting the same aside it clearly abused its discretion.

In the absence of fraud or gross mistake a client is concluded by admissions of his attorney in cases in which, on the faith of such admissions, reciprocal admissions have been made on the other side.  Wharton on Evidence, No. 1184; Stevens on Evidence, Art. 17; Wilson v. Spring, 64 Ill. 18; Smith v. Milliken, 2 Minn. 319; Wharton on Agency, No. 585.

It would serve as a fraud on the adverse party, if, after he had been thus induced to withhold necessary proofs, he should be compelled to prove the facts which had been admitted, or to submit to defeat.  Jones on Evidence, No. 257, and authorities there cited.

The court will not relieve parties from the effects of a stipulation made under a full understanding of the facts existing at the time the stipulation was entered into..  Thompson on Trials, No. 194; Conner v. Belden, 8 Daly, 257 (N. Y.).

In order to warrant the court in interfering to relieve a party from a stipulation there must be a showing of fraud, collusion, mistake, accident or surprise. 36 Cyc. 1295, and authorities there cited.

A court will not alter or vary the terms of a stipulation so as to relieve a party from its obvious consequences. 36 Cyc. 1296, and authorities there cited.

A stipulation will not be set aside because one of the parties finds it less beneficial than he expected. 36 Cyc. 1296, note 94.

The mistake which will entitle a party to relief from a stipulation must be one which could not have been avoided by the exercise of ordinary care. Rogers v. Greenwood, 14 Minn. 333; Mutual Security Ins. Co. v. Drummond, 3 Code Rep. (N. Y.) 143; McNeil v. Andes, 40 Fed. 45.

A stipulation having all the binding force of a contract, should not be set aside on less grounds than would justify the setting aside of any other contract. Bingham v. Winona County, 6 Minn. 136; Keogh v. Main, 52 N. Y. Super. Ct. 160; Conaty v. O'Reilly, 11 Ir. Eq. 333.

The discretion of the trial court to relieve parties from stipulations when improvident or induced by fraud, misunderstanding or mistake, or rendered inequitable by the development of a new situation, is a legal discretion to be exercised in promotion of justice and equity, and there must be a plain case of fraud, mistake or oppression to justify relief. Illinois Steel Co. v. Warras, 123 N. W. 656 (Wis.)

Where a party to a suit has entered into a written stipulation admitting that a town ordinance was valid and in full effect at the time of an accident, he cannot be relieved from it simply on the ground that he was ignorant when he entered into it, and that the ordinance was invalid for want of publication. Van Horn v. Ry. Co., 69 Iowa, 239, 28 N. W. 547; 20 Ency. Pl. & Pr. 662, 666 and cases cited.

We take it, however, to be reasonably well settled that the making of such stipulations should be encouraged by the courts rather than discouraged, and enforced by them unless good cause

is shown to the contrary. Northern Pacific Ry. Co. v. Barlow, 126 N. W. 233 (N. D.); Staples v. Parker, 41 Barb. 648 (N. Y.).

"There seems to be no controversy about the general rule that one who shows an acquaintance with a person whose mental capacity is in question, and is familiar with his general conduct, may testify affirmatively that in his opinion such person was of sound mind, while the opinion that such person was of unsound mind must be based on facts consisting of particular acts or conduct indicating unsoundness." In re Hall's Will, (Ia.) 89 N. W. 982; Lamp v. Lippincott, 115 Mich. 611, 73 N. W. 887; People v. Borgetto, 99 Mich. 340, 58 N. W. 328.

An insane delusion, to render one incompetent, must not only affect the understanding in general, but must extend to the subject out of which the conveyance grew. Devlin on Deeds, No. 70, (3d Edition); Reese v. Shutte, 108 N. W. 525 (Iowa).

The test of mental capacity necessary to enable a grantor to make a valid deed is that he is capable of understanding in a reasonable manner the nature and effect of the act in which he is engaged. Nowlen v. Nowlen, 98 N. W. 383 (Iowa).

Mere weakness of mind, without fraud or undue influence, is insufficient to invalidate a conveyance. Oxford v. Hopson, 83 S. W. 942 (Ark.); Paulus v. Reed, 96 N. W. 757 (Iowa); Tichy v. Simicek, 95 N. W .629 (Neb.); Keen v. Addlesperger, 24 Ohio Cir. Ct. R. 397.

In determining the competency of a grantor to execute a deed the question is whether or not he had the smallest capacity to understand what he was doing, and decide intelligently whether or not he desired to do it. Mann v. Keene Guaranty Saving Bank, 86 F. 51, (29 C. C. A. 547); Sawyer v. White, 122 F. 223 (58 C. C. A. 587); Garner v. Garner, 4 Ky. Law Reps, 823; Boyer v. Berryman, 24 N. E. 249 (Ind.) Devlin on Deeds, No. 69 (3d. Edition, p. 125); 1 Devlin on Deeds, p. 114 (3d Edition); Harden v. Hays, 14 Pa. St. 91; Meigs v. Dexter, 52 N. E. 75 (Mass.) Delaplain v. Grubb, 30 S. E. 201 (W. Va.), 67 Am. St. Reps. 788; Wood v. Pehrsson, (N. D.) 130 N. W. 1010.

*Sherwood & Sherwood,* for Respondent.

A thing once proved to exist is presumed to continue as long as it is usual with things of that nature. 9 Ency. of Evidence, 914 and note 43; 9 Ency. of Evidence, 916 and cases cited in notes 58, 59 and 60; 1 Jones on Evidence, 59.

The Kansas record conclusively proves that Andrew J. Davis was insane on August 8, 1902. If, then, his mind was in the same condition after that date that it was on and before that date, then it is conclusively shown by all the witnesses that Andrew J. Davis was insane and incompetent to transact business on September 1, 1903, when this deed was made.

It is not claimed by any witness that he was restored to sanity between August 8, 1902, and September 1, 1903.

There is no proof nor offer of proof that Andrew J. Davis had recovered his mental faculties between August 8, 1902, and September 1, 1903.

The entire proof is that his mind was the same on September 1, 1903, that it had been on August 8, 1902, and prior thereto.

Appellant has offered no new evidence to bring him within the rule of this court in the case of Davis v. Davis, 24 S. D. 474, wherein it was held at page 489 of the decision, "Appellant might show that Andrew J. Davis had recovered his mental faculties."

It cannot be said that the lunacy or unsoundness of mind of Andrew J. Davis was temporary, and therefore the authorities cited by appellant upon this proposition are not applicable.

It is said in Sawyer v. White, 58 C. C. A. 587, a Missouri case, "When an unnatural or unreasonable gift or devise is made, the presumption at once arises that the fiduciary relations were used to overcome the will of the grantor and the deed or devise is voidable."

Appellant lays great stress upon his objections made to the introduction of the Kansas record in evidence. It is not contended by appellant that the Kansas record is in any way erroneous or that it in any way misrepresented what transpired in that court. Appellant's only contention is that it was not certified to as required by statute, so as to entitle it to be admitted in evidence.

This question was squarely before the court in the former case and was decided by them in favor of the admission of the record.

The words, "And are entitled to full faith and credit," used in the certificate can mean nothing more and nothing less than that the attestation is in due form of law. To hold otherwise would sacrifice form to substance.

Our statute provides, Civil Code, Sec. 2472, that the provisions of our code are to be liberally construed with a view to effect its object and to promote justice. And see cases cited under that section.

It is said in 24 American & English Enc. of Law, at p. 203, "That 'it is not necessary that the certificate should be in exact verbal conformity with the statute, but a certificate containing in substance what the statute requires will suffice." See note 9 to the same section; Bills v. Kessler, 36 Mich. 69; Huntoon v. O'Brien, 44 N. W. 601, 79 Mich. 227.

The court before whom the case was tried and who knew all the facts, was satisfied that the wording of the stipulation in the second did not conform to the agreement actually made between the parties, and made the following finding: "Unless counsel can, at this time, enter into a stipulation, which will express their real intention, the taking of evidence in that case will be reopened and the court will hear further evidence at the next regular term of court in Clark county."

It is true that counsel, as well as all other persons, at times do make mistakes. For that reason our code has wisely provided for amendments and corrections. See Code of Civ. Pro., sections 149, 150, and 151, and cases cited thereunder.

The stipulation could not be sustained as a contract because it was voidable for mistake. Civil Code, Sec. 1196, subdivision 5; Civil Code, Sec. 1197; Civil Code, Sec. 1201, subdivision 5; Civil Code, Sec. 1202; Civil Code, Sec. 1206; Civil Code, Sec. 1283, subdivision 1.

CORSON, J. This is an appeal by the defendant from a judgment in favor of the plaintiff and from the order denying a

new trial. This is the second appeal in this action. The former decision is reported in 24 S. D. 474, 124 N. W. 715. The facts are so fully stated in that opinion that it is not necessary to repeat them in this opinion, and it must suffice to say that the action was instituted by the plaintiff to recover a quarter section of land in Clark county of which the plaintiff claims to be the owner and entitled to possession as the only son and heir of Andrew J. Davis, deceased. The case was tried to the court without a jury, and the court's findings are as follows: "(1) The plaintiff is the son and only child of Andrew J. Davis, deceased, and the said Andrew J. Davis, deceased, left no surviving wife. (2) The defendant is the brother of said Andrew J. Davis, deceased, and the uncle of the plaintiff. (3) On the 1st day of September, 1903, the said Andrew J. Davis was the owner in fee simple absolute of all the real property situated in the county of Clark and state of South Dakota, and described as follows, to-wit, the S. E. ¼ of section 17 in township 116 N. of range 59 W. of the Fifth Principal Meridian, containing 160 acres, and while such owner and on such day executed, acknowledged, and delivered, as the party of the first part therein, to the defendant, as the party of the second part therein, a quitclaim deed of the said real property, and the said deed was on September 30, 1903, recorded in the office of the register of deeds of this said county of Clark in Book R of the deed records of the said office on page 157 thereof. (4) On the said 1st day of September, 1903, and at the time of the making of said quitclaim deed, the said Andrew J. Davis was of unsound mind, and was not mentally competent to understand in a reasonable manner the nature and effect of the act in which he was then engaged, to-wit, the making of said deed, and was not capable of understanding and comprehending a transaction involving the making of a quitclaim deed of said real property by himself to the defendant. (5) No consideration was received by the said Andrew J. Davis, nor was any given by the defendant for the making of the said quitclaim deed, and the same was wholly without consideration. (6) The defendant knew, at the time of the making of that quitclaim deed, the facts stated in the fourth of these findings. (7) the plain-

tiff has not been guilty of laches in the bringing of this action. (8) On March 4, 1904, the said Andrew J. Davis died without disposing of his property by will."

From these findings the court concludes as a matter of law as follows: "(1) The plaintiff is the owner in fee simple absolute of the said real property and entitled to the possession thereof. (2) The defendant has no title to, interest in, nor claim upon said real property, and the said quitclaim deed should be canceled of record by order and judgment of this court herein. (3) The plaintiff is entitled to judgment in his favor herein ordering and directing the register of deeds of this said county of Clark to cancel said quitclaim deed upon the record thereof in said office, and adjudging and declaring him the owner in fee simple absolute of the said real property and of the whole thereof, and adjudging and declaring that the defendant has neither title to, nor interest in, nor claim upon said real property, or any part thereof, and to recover and have taxed in said judgment against the defendant the plaintiff's costs herein."

The only questions presented and argued on this appeal are that the court erred in admitting the record of the circuit court of Jewell county, Kans., bearing date of June 17, 1904; that the court erred in permitting the plaintiff to amend a stipulation entered into on the trial; that the court erred in overruling defendant's objections to the testimony of certain witnesses giving their opinions as to the insanity of the deceased without having stated the facts upon which their opinions were based; and that the court's findings are not sustained by the evidence.

[1] On the first trial of the case the record of the circuit court of Jewell county, Kan., was excluded; but this court held on the appeal from the judgment entered on the former trial that this record should have been admitted for the purpose for which it was offered, viz., to show that that court held in an action between the same parties that Andrew J. Davis, the deceased, was insane at the time he executed a certain deed to the defendant for lands in Kansas, in 1902, as presumptive evidence that the said Andrew J. Davis was insane at the time he executed the deed in controversy in this action on September 1, 1903, but that

said presumption was a rebuttable presumption and not conclusive as against the defendant. The decision of this court on the former appeal that the record of the Kansas court was admissible in evidence constitutes the law of the case and will not again be considered on this appeal. Manganese Steel Safe Co. v. First State Bank of Leola, 134 N. W. 886; Osborne v. Stringham, 4 S. D. 593, 57 N. W. 776; Bank v. Gilman, 3 S. D. 170, 52 N. W. 869, 44 Am. St. Rep. 782, and cases therein cited.

[2, 3] Upon the second trial the plaintiff entered into the following stipulation: "It is stipulated that the testimony taken at the former trial of this case on the 11th day of December, 1907, of John B. Davis, both the direct and redirect and cross and recross examinations, and the testimony taken at said former trial of George W. Davis (whose testimony is marked as George O. Davis in the transcript), both direct and cross and redirect and recross examinations, and testimony of M. B. Davis, both direct and cross and redirect and recross examinations, and the whole of said testimony shall be taken and considered as the testimony of said witnesses at this trial with the same force and effect as delivered on the witness stand. It is further agreed that the plaintiff may rebut and ask impeaching questions as to the new matter taken in the depositions since the former trial, and the defendant may rebut and ask impeaching questions as to the new matter taken since the former trial, that the testimony when so completed shall be the testimony of this case."

After the submission of said case to the court by both parties, the plaintiff served notice of motion "for an order in said cause requiring that the defendant in this case permit to be inserted in the stipulation submitting the testimony of John B. Davis, George W. Davis, and Michael B. Davis, that the testimony of each of said witnesses be submitted subject to all objections and exceptions taken at the former trial and shown upon the record of their tesimony in the court stenographer's report thereof, and that such objections and exceptions to the testimony of each of said witnesses shall be considered as if the same was made upon this trial and shall be ruled upon by the court at this trial as if offered new therein." The grounds of said motion were: "That the pro-

visions for considering the objections and exceptions were left out
of said stipulation by accident, inadvertence, surprise, and mis-
take on the part of plaintiff's counsel." The motion was made
upon the stenographer's minutes, all the files and records in the
case, and upon the affidavit of C. G. Sherwood, counsel for ·the
plaintiff. In this he states that upon an examination of the stipu-
lation he found that special provisions for the consideration of the
objections and exceptions taken on the former trial were not in
said stipulation as he believed they were when the stipulation was
made, and· as he intended they should be, ·and as the agreement
with counsel for defendant to submit the testimony of these three
witnesses in the transcript of the ·former trial stipulated; that they
were inadvertently omitted from the stipulation by accident or
mistake on the part of the plaintiff's counsel; and that, unless said
objections and exceptions to said record testimony were considered
and allowed, there would be brought into the record the testi-
mony ·of Michael B. Davis as to transactions and conversations
with Andrew J. Davis, the deceased, held inadmissible by this
court on the former appeal, and which the plaintiff never intended to
stipulate should be admitted in evidence in this action except with
the objections and exceptions. The. motion of the plaintiff was re-
sisted and affidavits filed on the part of the defendant and rebuttal
affidavit on the part of the plaintiff's attorney. The court,however,
on due consideration, made the following ruling: "Unless counsel
can at this time enter into a new stipulation, which will express
their real intention, the taking of evidence in that case will be
reopened, and the court will hear further· evidence at the next
regular term of court for Clark county, and the case will stand
·open for the ·hearing of such further evidence." And thereafter
on the same ·day the stipulation made September 23, 1910, was
·amended as suggested in the motion.

It is contended by the appellant that the original stipulation
·contained no reservation of incompetent testimony, nor was the
said testimony received subject to any· objections or exceptions
taken at the former trial, and that the case was submitted by both
parties on September 23, 1910, and no motion was made for· the
correction of the stipulation until October 4, 1910, and· that ·the

court therefore abused its discretion in making its order permitting the amendment of said stipulation after the trial of the action.

We are of the opinion that there was no abuse of discretion in permitting the stipulation to be amended in such manner as to show all the objections of counsel to the admission of the evidence of the witnesses, rulings of the court, and exceptions taken thereto. It is quite clear from the affidavit of plaintiff's counsel that he understood in entering into the stipulation that the objections, rulings of the court, and exceptions taken to the same on the former trial were to be considered in the stipulation, which was hurriedly made in open court and taken down by the stenographer on the trial, and that he had no intention of waiving the objections and exceptions taken to such evidence at the former trial, and that such objections were inadvertently omitted from the stipulation.

It will be observed in the opinion on the former appeal that the objections and exceptions taken to the ruling of the trial court were sustained and much of the evidence held to be improperly admitted, and it cannot be presumed that counsel for the plaintiff intended to waive these objections and exceptions in making the stipulation referred to.

We are also of the opinion that, under the terms of the stipulation, the testimony of these witnesses taken at the former trial was to be admitted subject to the objections and exceptions taken to it on the former trial.

The plaintiff's motion was not to be relieved from the stipulation, but to have it so amended as to conform to the real stipulation as intended by the parties at the time it was made. In either view we are of the opinion that the court committed no abuse of discretion in permitting the same to be amended to conform to the real intention of the parties in making the same.

[4] It is further contended by the appellant that the witnesses on the part of the plaintiff failed to state facts and circumstances upon which they based their opinion that Andrew J. Davis was insane, or that he was mentally incompetent to execute the deed in controversy, at the time it was executed. But an examination

of the evidence shows that the witnesses did in fact state facts and circumstances quite fully upon which they based their opinions, and the case comes within the rule laid down in State v. Leehman, 2 S. D. 171, 49 N. W. 3, in which this court said: "If the question presented and the ruling of the court were as indicated by counsel's brief, it would probably be held to be error, for it seems to be now well settled in nearly all the states that a nonexpert witness will be allowed to express his opinion as to the mental condition of a person after having stated the facts upon which such opinion is based. People v. Conroy, 97 N. Y. 62; State v. Pennyman, 68 Iowa, 216, 26 N. W. 82; Territory v. Hart (7 Mont. 489), 17 Pac. 718; Webb v. State, 5 Tex. App. 608; Hardy v. Merrill, 56 N. H. 227 (22 Am. Rep. 441); State v. Klinger, 46 Mo. 228."

[5] The evidence of a large number of witnesses was given by both plaintiff and defendant as to the mental condition of said Andrew J. Davis at the time he executed the deed in controversy to the defendant, and, as we have seen, the court finds from this evidence that the said Andrew J. Davis was mentally incompetent to execute the said deed at the time it was executed. The evidence in the case is very voluminous and conflicting, and from an examination of the same we are unable to say that there is a preponderance of evidence in favor of the defendant. No useful purpose would be served by reproducing the testimony of the witnesses in this opinion.

The judgment of the Circuit Court and order denying a new trial are affirmed.

HANEY, J., not sitting.